**Reversed and Rendered and Majority and Dissenting Opinions filed November 14, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00506-CV

---

## HOUSTON MEDICAL TESTING SERVICES, INC., Appellant

### V.

## RAND MINTZER, Appellee

---

## NO. 14-12-00524-CV

---

## RAND MINTZER, Appellant

### V.

## HOUSTON MEDICAL TESTING SERVICES, INC., Appellee

---

**On Appeal from the County Civil Court at Law Number 4**
**Harris County, Texas**
**Trial Court Cause No. 943798**

---

# OPINION

Appellant/cross-appellee Houston Medical Testing Services, Inc. (the Service) sued Rand Mintzer seeking recovery under theories of quantum meruit and contract. The jury found that the parties had a contract and that Mintzer did not "fail to comply with [it]," but awarded the Service damages in quantum meruit. The trial court signed a judgment on the verdict. Because the existence of a contract bars recovery in quantum meruit, we reverse and render judgment that the Service take nothing.[1]

## BACKGROUND

Mintzer is an attorney. One of the cases Mintzer handled was the defense of a man charged with sexually assaulting a minor. State forensic tests showed that Mintzer's client fathered a child with the client's minor step-daughter. Both Mintzer and his client believed a successful defense would require challenging these test results. Mintzer's staff contacted the Service to arrange a review of the State's tests. The Service arranged the review, which confirmed the State's results. It later sent Mintzer multiple invoices requesting payment, but Mintzer did not pay the Service. Instead, he forwarded these invoices to his incarcerated client, who also did not pay.

This appeal arises from the Service's suit seeking payment from Mintzer under theories including breach of contract and, in the alternative, quantum meruit. The trial focused upon whether Mintzer or his client was liable for the Service's

---

[1] The Service has filed a cross-appeal seeking attorney's fees based on the judgment in its favor. Because we reverse this judgment and render a judgment in favor of Mintzer, the Service is not entitled to fees. *See In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172 (Tex. 2013) ("Civil Practice and Remedies Code chapter 38 . . . allows a *prevailing party* to 'recover reasonable attorney's fees . . . .'" (emphasis added) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2008)). We therefore overrule the Service's issues in its cross-appeal.

work.  Mintzer contended he was not liable because he acted as the agent of a disclosed principal, his client, and "an agent of a disclosed principal is not liable in contract."  *Robert L. Crill, Inc. v. Bond*, 76 S.W.3d 411, 423 (Tex. App.—Dallas 2001, pet. denied).

The trial court's charge asked the jury to determine Mintzer's personal liability for both breach of contract and quantum meruit.  In response to Question 1, the jury found that Mintzer and the Service had a contract "with regard to the provision of DNA testing services," but it answered "No" when asked in Question 2 whether Mintzer failed to comply with the contract.  In answer to Question 6 regarding quantum meruit, the jury found that the Service performed compensable work for Mintzer—that is, in the words of the instruction, that "valuable services [we]re rendered or materials furnished for [Mintzer] who knowingly accept[ed] and use[d] them and . . . should [have] know[n] that the [Service] expect[ed] to be paid for the work."  The jury also found in Question 7 that the reasonable value of the work was $2,200.

Mintzer moved for judgment notwithstanding the verdict (JNOV), arguing among other things that the Service was barred from recovering in quantum meruit because the jury found an agreement between Mintzer and the Service with regard to the testing services.  The trial court denied the motion and signed a judgment on the verdict.  This appeal followed.

## ANALYSIS

In two issues, Mintzer argues that the trial court erred by awarding the Service damages in quantum meruit.  First, he contends that the jury's findings regarding the contract preclude quantum meruit liability.  Second, he argues that insufficient evidence supports the jury's quantum meruit findings.  Because we sustain Mintzer's first issue, we need not address his second.

3

## I.     Standard of review

Mintzer challenged the jury's verdict in a motion for JNOV, which the trial court denied.  JNOV is proper when the evidence is conclusive and one party is entitled to prevail as a matter of law, or when a legal principle precludes recovery. *Autry v. Dearman*, 933 S.W.2d 182, 190 (Tex. App.—Houston [14th Dist.] 1996, writ denied).  The latter circumstance can occur when the record demonstrates that a theory of liability found by the jury is barred as a matter of law.  *Id.* at 191.

## II.    Because the jury found that a contract covered the testing services, as a matter of law, the Service cannot recover in quantum meruit.

Quantum meruit is an equitable remedy based on an implied promise to pay for benefits received.  *Bluelinx Corp. v. Texas Constr. Sys., Inc.*, 363 S.W.3d 623, 627 (Tex. App.—Houston [14th Dist.] 2011, no pet.).  To recover in quantum meruit, a claimant must prove that (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) and were accepted by the person sought to be charged; (4) under circumstances that reasonably notified the person sought to be charged that the plaintiff, in performing the services or furnishing the materials, expected to be paid by the person sought to be charged. *Weaver v. Jamar*, 383 S.W.3d 805, 811 (Tex. App.—Houston [14th Dist.] 2012, no pet.).  The measure of recovery for quantum meruit is the reasonable value of the services.  *Hudson v. Cooper*, 162 S.W.3d 685, 688 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Quantum meruit implies a contract in circumstances where the parties neglected to form one, but equity nonetheless requires payment for beneficial services rendered and knowingly accepted. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005).  As a result, "[a] party generally cannot recover under *quantum meruit* where there is a valid contract covering the services or

4

materials furnished." *Id.*; *see also Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988); *Gen. Homes, Inc. v. Denison*, 625 S.W.2d 794, 796 (Tex. App.—Houston [14th Dist.] 1981, no writ) (describing the rule as "well settled law").[2] When the parties themselves create a valid contract, there can be no recovery under a contract implied by law. *Union Bldg. Corp. v. J & J Bldg. & Maint. Contractors, Inc.*, 578 S.W.2d 519, 520 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). The jury must determine any contested fact issues that would bear on a quantum meruit claim, but the ultimate question "of how much, if any, equitable relief should be awarded, must be determined by the trial court." *Hudson*, 162 S.W.3d at 688.

Here, the jury found in Question 1 that the parties had an agreement with regard to the provision of testing services, and neither party challenges that finding on appeal. Because a contract covered the services at issue, the Service cannot recover in quantum meruit. Instead, the contract defines the Service's rights.

Moreover, because the jury answered "no" when asked whether Mintzer failed to comply with the contract, and did not answer the damages question regarding breach of contract, the Service cannot recover under a breach of contract theory. The Service also has not challenged this finding on appeal. As a result, the Service should take nothing. *Cf. Christus Health v. Quality Infusion Care, Inc.*, 359 S.W.3d 719, 725 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (where jury implicitly found that express contract existed, trial court erred by awarding quantum meruit damages); *Kittyhawk Landing Apartments III v. Anglin Constr. Co.*, 737 S.W.2d 90, 94 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (where existence of contract barred quantum meruit and plaintiff failed to submit

---

[2] There are exceptions to this general rule, *see Bluelinx Corp.*, 363 S.W.3d at 629, but neither party contends that they apply here.

contract claim to jury, judgment was rendered that plaintiff take nothing).

The Service disagrees with this analysis, arguing that the jury's response to Question 1 does not necessarily represent a finding that an express contract covered the subject of the parties' agreement. The jury answered "Yes" to this question, which asked: "Did [the Service] and RAND MINTZER have an agreement with regard to the provision of DNA testing services?" The Service contends this does not amount to a finding that an "express contract" existed because: (1) whatever agreement the jury found was not a "contract" as it did not include a consideration term; and (2) the jury could have found that the parties had an "implied" contract, which the Service distinguishes from an "express" contract and which, the Service contends, would not bar its quantum meruit claim.

To address these arguments, which we ultimately reject, we must review the jury's findings. When reviewing jury findings, we must try to interpret them in a manner that supports the judgment. *W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 44 (Tex. App.—Houston [14th Dist.] 2006, no pet.). To do so, we may examine the record in order to ascertain the jury's intent. *Id.* We may not, however, speculate about what the jury intended in reaching a particular verdict or create certainty out of jury findings that are ambiguous. *Id*.

### A. The Service failed to preserve its argument that the agreement found by the jury was unsupported by consideration.

In its first argument, the Service contends that the agreement found by the jury could not have been supported by consideration. Its argument is as follows: The jury found that there was an agreement and failed to find a breach even though undisputed evidence established that Mintzer did not pay for the Service's work; thus, whatever the agreement's substance, it could not have required the payment of consideration and therefore is not a contract barring recovery in quantum meruit.

6

As an initial matter, it was unnecessary for the jury to find that consideration supported the parties' agreement because the question of consideration, while sometimes based upon ultimate facts found by the jury, is generally a question of law. *Schepps Grocery Co. v. Burroughs Corp.*, 635 S.W.2d 606, 608 (Tex. App.—Houston [14th Dist.] 1982, no writ). Moreover, to the extent the Service contends there was legally insufficient evidence of consideration, it failed to preserve this issue in the trial court. Following the jury's verdict, Mintzer filed his JNOV motion arguing that the jury's finding of a contract precluded recovery in quantum meruit. If the Service wanted to eliminate the legal effect of the contract finding to clear the way for a quantum meruit recovery, the preferable course would have been to file a motion to disregard the contract finding as unsupported by legally sufficient evidence because consideration was lacking. But the Service never argued below that the contract found by the jury was unsupported by consideration. Because the Service failed to raise this issue in the trial court, it is not preserved for our review. *See* Tex. R. App. P. 33.1; *Watts v. Oliver*, 396 S.W.3d 124, 132 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("As a general rule, an appellant must first complain to the trial court by a timely request, objection, or motion and obtain a ruling as a prerequisite for appellate review of that complaint.").

Even if the Service had preserved this issue, however, we conclude that it fails on the merits. The undisputed evidence at trial showed that if a contract existed, it was supported by consideration. The parties both understood *someone* would pay for the Service's work. The Service's theory was that Mintzer would pay. Mintzer's theory was that only Mintzer's client—not Mintzer himself—was obliged to pay. *See Robert L. Crill, Inc.,* 76 S.W.3d at 423.

7

As part of the contract question, the jury was instructed:

> When an attorney contracts with a third party for the benefit of a client for goods or services to be used in connection with the attorney's representation of a particular client and the third party is aware of these facts, the attorney is not liable on the contract unless he expressly or impliedly assumes some type of liability.[3]

Based upon this instruction, the jury could have found that although Mintzer did contract with the Service, he did so for his client's benefit without assuming personal liability. Such a finding would be consistent with evidence offered at trial and also explains the jury's answers to the contract questions: "Yes," the Service and Mintzer had an agreement regarding the provision of testing services, and "No," Mintzer did not "fail to comply with [it]" because the jury concluded that only his client was liable. *See id.* Regardless of whether Mintzer or his client was bound to pay under the contract, however, the existence of a contract covering the services at issue bars recovery in quantum meruit. *See Hester v. Friedkin Cos.*, 132 S.W.3d 100, 107 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding existence of contract barred quantum meruit recovery against nonparty to the contract).

In sum, there was no evidence that the Service's agreement to provide testing services was "a mere promise of a gift." *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991). Rather, the undisputed evidence established that if there was a contract, it was supported by consideration. We therefore reject the Service's argument that the contract was unsupported by consideration and does not bar recovery in quantum meruit.

---

[3] No party challenges the correctness of this instruction, so we express no opinion on that issue.

8

**B.** **Even if the jury found an "implied-in-fact" rather than an "express" contract, that finding bars recovery in quantum meruit.**

The Service also argues that the contract found by the jury in Question 1 was likely an "implied contract." The Service contends that, unlike an "express contract," an implied contract does not preclude the application of quantum meruit.

The law recognizes different types of implied contracts. Quantum meruit is one type of "implied-in-law" or "quasi-" contract.[4] *Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 49 (Tex. 2008). These contracts, properly speaking, "[are] not . . . contract[s] at all." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (quoting Calamari et al., *The Law of Contracts*, § 1–12 (3d ed. 1987)). No agreement is required, so the parties need not have a meeting of the minds. *See id.* Instead, the law imposes obligations "to do justice even though it is clear that no promise was ever made or intended." *Id.* Because the imposition of an implied-in-law contract is ultimately a legal question for the court, *see Hudson*, 162 S.W.3d at 688, we do not understand the Service to argue that the jury found an implied-in-law contract

---

[4] In *Ramirez Co. v. Housing Authority of City of Houston*, we described the different types of contracts, saying, "[T]here is the implied[-]in[-]fact contract, called quantum meruit, wherein there is no express agreement but the conduct of the parties implies an agreement to contract from which an obligation in contract exists." 777 S.W.2d 167, 173 n.12 (Tex. App.—Houston [14th Dist.] 1989, no writ). *Ramirez Co.*'s description of quantum meruit as a species of implied-in-fact contract contradicts language in several supreme court opinions. *See, e.g.*, *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 740 ("*Quantum meruit* is an equitable remedy that is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." (quoting *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990)) (internal quotation marks omitted)); *Campbell v. Nw. Nat'l Life Ins. Co.*, 573 S.W.2d 496, 498 (Tex. 1978) ("[T]he right to recover in quantum meruit does not grow out of the contract, but is independent of it. This right is based upon [a] promise implied by law . . . ."); *Davidson v. Clearman*, 391 S.W.2d 48, 50 (Tex. 1965) (same). We also note that the treatise *Ramirez Co.* cited for support does not characterize quantum meruit as a type of implied-in-fact contract. *See* 17 C.J.S. *Contracts* §§ 2, 4, 6. Because *Ramirez Co.*'s treatment of quantum meruit departs from these authorities, we do not view it as controlling.

in this case.

Instead, the Service appears to contend that the jury could have found an "implied-in-fact" contract, which is really just a contract. "[T]he distinction between an express and an implied[-in-fact] contract is of little importance, if it can be said to exist at all." *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972). The only difference is that an express contract "arises when the contractual terms are stated by the parties," and an implied-in-fact contract "arises from the acts and conduct of the parties, it being implied from the facts and circumstances that there was a mutual intention to contract." *Id*. In both cases, "[the] contractual duty is imposed by reason of a promissory expression." *Id.*; *see also Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 850 (Tex. 2009). Thus, "[t]he legal effect of [express and implied-in-fact] contracts are identical; the distinction is based on the way in which mutual assent is manifested." 1 Williston, *A Treatise on the Law of Contracts* § 1:5 (Richard Lord ed., 4th ed. 1990); *see also* Restatement (Second) Contracts § 4 cmt. a (1981), *quoted in Mann Frankfort Stein & Lipp Advisors, Inc.*, 289 S.W.3d at 850.

As a result, although many Texas cases speak of an "express" contract barring recovery in quantum meruit,[5] courts have recognized that contracts in which some or all of the terms are implied-in-fact will also bar recovery in quantum meruit.[6] As Williston explains, "in situations involving true contracts"—

---

[5] *E.g.*, *Fortune Prod. Co.*, 52 S.W.3d at 684; *Truly*, 744 S.W.2d at 936. These cases did not address whether an implied-in-fact contract will bar quantum meruit.

[6] *See, e.g.*, *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 462 & n.4 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (where party denied existence of a contract, but contended he had agreed to do work and expected recompense, contract barring quantum meruit existed); *Double Diamond, Inc. v. Hilco Elec. Coop., Inc.*, 127 S.W.3d 260, 267, 268 (Tex. App.—Waco 2003, no pet.) (where summary judgment established that either an express or implied contract existed,

those created by "promise or mutual assent of the parties, express or implied"—
"the parties' rights are determined by law and by the terms of the contract; by
contrast, when quasi-contract [i.e. quantum meruit] is involved, liability is
determined by principles of equity and justice and the intent of the parties is
immaterial." Williston, *supra* § 1:6; *see Ferrous Prods. Co. v. Gulf States Trading
Co.*, 323 S.W.2d 292, 296–97 (Tex. Civ. App.—Houston, 1959), *aff'd*, 332 S.W.2d
310, 312 (Tex. 1960).[7]   Thus, "[a] court properly resorts to quasi-contract only in
the absence of an express contract or contract implied-in-fact." Williston, *supra* §
1:6.[8]

This rule makes jurisprudential sense because "mutual assent" is present in a
contract "[r]egardless of whether [it] is based on express or implied promises,"[9]
and courts will not override this mutual assent by imposing a different bargain on
the parties in quantum meruit. *Excess Underwriters at Lloyd's, London*, 246
S.W.3d at 50; *Dallas Elec. Supply Co. v. Branum Co*., 185 S.W.2d 427, 429 (Tex.
1945). Moreover, a contrary rule that only express contracts in which every single
term is stated by the parties can bar recovery in quantum meruit would be
extremely difficult to administer. Under that rule, parties seeking an alternative

---

quantum meruit was barred); *see also WPS, Inc. v. Expro Americas, LLC*, 369 S.W.3d 384, 410–11 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (H. Brown, J., dissenting) (agreeing with majority that conduct of parties demonstrated a contract, and noting that quantum meruit would therefore generally be precluded); *Freeman v. Carroll*, 499 S.W.2d 668, 670 (Tex. Civ. App.—Tyler 1973, writ ref'd n.r.e.) (in case where evidence would have supported, but did not conclusively establish, existence of a contract, court noted in dicta that, had the jury returned a finding that a contract existed, quantum meruit claim would have been barred).

[7] *See also New Econ. Capital, LLC v. New Mkts. Capital Grp.*, 881 A.2d 1087, 1095 (D.C. 2005); *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 285 (N.J. 1992).

[8] *See also* David Dittfurth, *Restitution in Texas: Civil Liability for Unjust Enrichment*, 54 S. Tex. L. Rev. 225, 246 (2012) ("[T]he quantum meruit cause of action allows recovery only when no valid, express or implied-in-fact agreement exists between the parties.").

[9] *Mann, Frankfort, Stein & Lipp Advisors, Inc.*, 289 S.W.3d at 850.

recovery in quantum meruit would have an incentive to contend that at least one term of the contract—however minor or inconsequential to the dispute—was supplied by the parties' conduct rather than by an oral or written statement. We see no reason to force courts or juries to engage in such murky and burdensome line-drawing exercises.[10]

In this case, the Service contends the jury's finding that a contract existed does not bar recovery in quantum meruit because the jury likely found an implied-in-fact contract. We agree it was possible for the jury to answer "Yes" to Question 1 if it found either an express or an implied-in-fact contract.[11] This possibility does not affect our analysis, however. For the reasons just discussed, even if the jury did find a contract based in whole or part upon the "acts and conduct of the parties" rather than "contractual terms . . . stated by the parties," *Haws & Garrett Gen. Contractors*, 480 S.W.2d at 609, the terms of the contract would still govern the parties' remedies and quantum meruit would still be barred. We therefore reject the Service's argument that it could recover quantum meruit damages notwithstanding an implied-in-fact contract.

---

[10] *Cf. Dallas Joint Stock Land Bank v. Colbert*, 127 S.W.2d 1004, 1008 (Tex. Civ. App.—Eastland 1939) (noting plaintiff's alternative liability theories based upon (1) an express contract, (2) "an express contract, except as to one provision relating to the rate of compensation which was implied (in fact)," and (3) quantum meruit), *rev'd*, 150 S.W.2d 771 (Tex. 1941).

[11] Our dissenting colleague attributes this possibility to an instruction accompanying Question 1 that we quoted previously, which explains that an attorney may "expressly or impliedly" assume liability. But a standard instruction from the Texas Pattern Jury Charges also accompanied Question 1, and it likewise provides for a "Yes" answer if the jury finds an implied-in-fact contract. *See* Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges: Business, Consumer, Insurance, Employment* PJC 101.3 (2012) ("In deciding whether the parties reached an agreement, you may consider what they *said and did* in light of the surrounding circumstances . . . ." (emphasis added)). If the Service were correct that an implied-in-fact contract does not bar recovery in quantum meruit, then an affirmative finding in response to the pattern question and instructions on contract formation would be insufficient to trigger the bar—a result that would likely come as a surprise to courts and litigants across Texas. As explained above, however, we conclude that such a finding does trigger the bar.

Our dissenting colleague contends that we are rejecting the Service's argument based on error that Mintzer did not preserve in the trial court or argue on appeal. We respectfully disagree because our analysis relies on the jury's unchallenged finding that a contract existed, just as Mintzer has throughout. In the trial court, Mintzer's motion for JNOV asserted that the trial court should "disregard the jury's answers to the quantum meruit questions because those answers are inconsistent as a matter of law with the jury's answers to the contract questions"—particularly the jury's finding "that there was an agreement" between the parties. "Based on the jury's answers," Mintzer contended, "the [Service] is barred from recovery in this case under the theory of quantum meruit." *See Fortune Prod. Co.*, 52 S.W.3d at 683 (holding effect of contract on claim for unjust enrichment is question of law).[12]

Similarly, on appeal, Mintzer argues in his first issue that "[t]he contract found by the jury covers the same services alleged in the quantum meruit action" and thus bars the Service from recovering in quantum meruit. He also cites cases, as he did in the trial court, holding that an express contract bars recovery in quantum meruit. In its appellee's brief, the Service asserts in passing—and for the first time in this litigation (as far as our record shows)—that the jury "more likely" found an "implied contract."[13] Given the supreme court's consistent directive that "appellate courts should reach the merits of an appeal whenever reasonably possible," *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008), we do not see how

---

[12] We do not understand the dissent to contend that this argument could not be preserved in a JNOV motion. The dissent points out that Mintzer included a footnote in his motion stating that he did not concede the existence of a contract, but Mintzer did not move to disregard the jury's finding of a contract. Rather, as the language quoted above shows, he sought to use that finding to bar the Service from recovering in quantum meruit as a matter of law.

[13] The Service cites no cases holding that the contract bar to quantum meruit does not encompass implied-in-fact contracts, nor does it explain why that should be the rule.

the Service's appellate characterization of the jury's finding can retroactively "unpreserve" Mintzer's consistent position that this finding bars quantum meruit. Accordingly, it is proper for this Court to consider Mintzer's position, and we conclude that his position has merit as explained above.

## CONCLUSION

Because the parties' contract bars recovery in quantum meruit, the trial court erred in denying Mintzer's motion for JNOV. We therefore sustain Mintzer's first issue, reverse the judgment, and render judgment that the Service take nothing.


/s/    J. Brett Busby
Justice


Panel consists of Chief Justice Frost and Justices Boyce and Busby (Frost, C.J., dissenting).