Memorandum Opinion by Chief Justice Valdez
Appellants, McAllen Hospitals, L.P. d/b/a McAllen Medical Center and South Texas Health Systems (the "Hospital"), appeals from a verdict in favor of appellees, Yolanda Lopez, Sheryl Hamer, Elmer De Guzman, and Richard Wecker (the "Nurses"). By four issues, the Hospital contends that employee evaluations were not contracts, the evidence is legally and factually insufficient to support the jury's answers to questions one and two, and evidence of the Nurses' status as exempt employees was inadmissible. We affirm.
I. BACKGROUND
The Nurses are former and current employees of the Hospital and were classified as "exempt" employees. The Hospital's various policies explained the rights of exempt and nonexempt employees. The Nurses assert that each year they met with their supervisors to discuss a written evaluation, which also provided the amount of their yearly salaries for the previous year and for the upcoming year. It is undisputed that the Nurses were paid hourly. The Nurses argued "that in light of all the surrounding circumstances (the representations made to them orally and through the evaluation forms, their statuses as exempt employees, the handbook, the *750 Hospital's policies, and the course of dealing between the parties) an implied contract existed, whereby the Hospital agreed to pay [the Nurses] a fixed amount of pay per year." The jury agreed with the Nurses and awarded them the difference between the amounts paid and the amounts quoted in the evaluations. This appeal followed.
II. EXPRESS CONTRACT
By its first issue, the Hospital contends that the Nurses sued for breach of an express agreement relying on the evaluations and/or the handbook and neither constitutes a contract as a matter of fact or law.[1] We disagree with the Hospital's interpretation of the Nurses' allegations. The Nurses argued at trial that there was an implicit agreement for the Hospital to pay them a fixed amount as opposed to an hourly amount of pay and relied on the evaluations and handbook to support that theory. Question one of the charge asked: "Did the [Nurses] and the [Hospital] agree that the [Nurses] would receive a fixed amount of pay?"[2] (Emphasis added). The jury answered "Yes" for each of the Nurses. The charge, however, did not mention the evaluations or the handbook. We conclude that the jury found that there was an implied promise based on the evidence presented. Therefore, because the jury did not find that the evaluations or handbook constituted a contract, we overrule the Hospital's first issue.
III. SUFFICIENCY OF THE EVIDENCE
By its second issue, the Hospital contends that the evidence is legally and factually insufficient to support the jury's finding that the Hospital agreed to pay the Nurses a fixed amount. The Hospital claims that whether an implied contract exists is a question of law reviewed de novo. However, the Hospital cites no authority, and we find none, supporting such a claim. Instead, whether an implied contract exists is a question of fact, which requires making inferences from circumstantial evidence regarding mutual assent. See Double Diamond, Inc. v. Hilco Elec. Coop., Inc. , 127 S.W.3d 260, 267 (Tex. App.-Waco 2003, no pet.) ; see also Domingo v. Mitchell , 257 S.W.3d 34, 40 (Tex. App-Amarillo 2008, pet. denied). Accordingly, we will not perform a de novo review.
A. Standard of Review
In a legal sufficiency review, we review the evidence in the light most favorable to the verdict, crediting any favorable evidence if a reasonable fact-finder could and disregarding any contrary evidence unless a reasonable fact-finder could not. City of Keller v. Wilson , 168 S.W.3d 802, 821-22 (Tex. 2005). The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." Id. at 827. In a factual sufficiency review, we examine all of the evidence in the record and if the finding is so against the great weight of the evidence as to be clearly wrong and unjust, we will reverse. Ortiz v. Jones , 917 S.W.2d 770, 772 (Tex. 1996) (per curiam).
B. Discussion
First, it appears that the Hospital challenges the sufficiency of the evidence *751 supporting mutual intent to contract. See Houston Med. Testing Servs., Inc. v. Mintzer , 417 S.W.3d 691, 698 (Tex. App.-Houston [14th Dist.] 2013, no pet.) ("[A]n implied-in-fact contract 'arises from the acts and conduct of the parties, it being implied from the facts and circumstances that there was a mutual intention to contract.' "). The jury heard the following relevant evidence: (1) the evaluations identified the salaries as annual salaries; (2) the evaluations did not state that the Nurses needed to work a minimum number of hours to earn the stated salaries; (3) the evaluations showed that the Nurses were exempt employees; (4) the evaluations were executed by the Nurses' supervisors and the salaries were approved by the Human Resources Department; (5) the employee handbook stated that exempt employees only clocked in to "record [their] presence each day," while nonexempt (hourly) employees had to clock in and out to demonstrate the hours worked; (6) the employee handbook provided that nonexempt employees were paid extra if they worked through their meal breaks while exempt employees, were not; (7) the employee handbook provided that nonexempt employees were entitled to overtime pay while exempt employees were not; (8) the employee handbook provided that nonexempt employees were entitled to "callback pay" while exempt employees were not; (9) the Hospital's document entitled HR.1022C stated that exempt employees were paid for performance of a job, and were not paid for the hours worked while nonexempt employees were paid for the hours actually worked; (10) the Hospital's document entitled HR.2001c stated that exempt employees would receive a "regular weekly salary"; (11) each of the Nurses testified that the Hospital agreed to pay them an annual salary and they had not been informed that they would be paid hourly; and (12) none of the Nurses testified that to receive the quoted yearly salary, they were required to work forty hours.
Viewing this evidence in the light most favorable to the verdict, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not, we conclude that the evidence as set out above would enable reasonable and fair-minded people to find that the Hospital agreed to pay the Nurses a fixed amount. City of Keller , 168 S.W.3d at 821-22. The jury's finding of mutual assent may have been inferred from the circumstantial evidence, including evidence that the Nurses were classified as exempt employees that would be paid for the job performed and not paid on an hourly basis. See ids="8943104" index="7" url="https://cite.case.law/sw3d/168/802/#p821">id. ; Domingo , 257 S.W.3d at 40. And, after examining all of the evidence in the record, we cannot conclude that the jury's finding is so against the great weight of the evidence as to be clearly wrong and unjust. Ortiz , 917 S.W.2d at 772.
The Hospital also argues that it is undisputed that the Nurses were paid for the hours worked. However, the jury found that the Hospital agreed to pay each of the Nurses a fixed yearly amount regardless of the hours worked; thus, by paying the Nurses an hourly wage, the Hospital breached its agreement to pay them a fixed amount. Next, the Hospital argues that the salaries quoted in the evaluations only applied if an employee worked forty hours per week, and none of the Nurses worked forty hours per week. However, the jury heard this evidence and was free to disbelieve it. Golden Eagle Archery, Inc. v. Jackson , 116 S.W.3d 757, 761 (Tex. 2003) (explaining that a fact finder is the sole judge of the witnesses' credibility and may choose to believe one witness over another);
*752 Maritime Overseas Corp. v. Ellis , 971 S.W.2d 402, 411 (Tex. 1998) (providing that we may not substitute our own judgment for that of the jury, even if we would reach a different answer based on the evidence). We are not persuaded by these arguments. We overrule the Hospital's second issue.[3]
IV. ADMISSION OF EVIDENCE
By its fourth issue, the Hospital argues that the trial court erroneously admitted evidence of the Nurses' "status as 'exempt' or 'non-exempt' employees" "because it was misleading, not relevant, and improperly suggested to the jury that federal law supported [the Nurses'] theory that the [H]ospital promised to pay them a salary." The Hospital cites the record wherein (1) a witness read from the Hospital's forms, (2) the terms exempt and nonexempt were mentioned in passing, (3) the Nurses' trial counsel quoted from HR.1022c and asked if the witness disagreed with the form's statement that exempt employees are paid to perform a job and nonexempt employees are paid for the hours worked, and (4) the Nurses' trial counsel argued to the jury that the Hospital's documents explained the requirements of exempt and nonexempt employees.
The Hospital's HR.2001c, HR.1022 and HR.1024 forms were admitted without objection. Each form, cites federal law, and provides information that: (1) nonexempt employees must receive overtime pay; (2) exempt employees "are paid to perform a job," while nonexempt employees are paid for hours worked; (3) nonexempt employees are required to accurately record and report the hours worked; and (4) nonexempt employees who work beyond forty hours a week must receive overtime. The complained-of evidence either states the same information included on the forms or quotes those forms. Thus, even assuming error, we conclude that admission of the same or similar evidence, without objection, rendered any alleged error harmless. See Richardson v. Green , 677 S.W.2d 497, 501 (Tex. 1984) ("The general rule is that error in the admission of testimony is deemed harmless if the objecting party subsequently permits the same or similar evidence to be introduced without objection."). We overrule the Hospital's fourth issue.
V. CONCLUSION
We affirm the trial court's judgment.

The Nurses agree that neither evaluations nor handbooks constitute an employment contract. Therefore, we agree with the Nurses that whether the employment contracts constituted an express contract is not an issue in this case.

The charge instructed, in relevant part, that "[i]n deciding whether the parties reached an agreement, you may consider what they said in light of the surrounding circumstances, including any personnel files and policies, and including course of dealing."

By its third issue, the Hospital contends that if we sustain either its first or second issues, the evidence is legally and factually insufficient to support the jury's finding that it failed to pay the Nurses a fixed amount. The Hospital states that it "understands that if the jury could consider the evaluation form as a contract of employment, and if there is legally and factually sufficient evidence that the hospital agreed to pay" a fixed amount or salary as "noted on the evaluation sheet," there is also legally and factually sufficient evidence that the hospital breached the agreement. We have overruled the Hospital's first and second issues; thus, we need not address its third issue as it is not dispositive. See Tex. R. App. P. 41.7.