**BLUELINX CORPORATION,**
Appellant,

v.

**TEXAS CONSTRUCTION SYSTEMS,**
**INC., Appellee.**

No. 14–09–00237–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 11, 2011.

Jason Andrew Powers, Heather Ree Slay, Houston, for appellant.

Thomas G. Overbeck, Houston, for appellee.

Panel consists of Justices FROST, BOYCE, and JAMISON.

## SUBSTITUTE OPINION ON REHEARING

MARTHA HILL JAMISON, Justice.

We deny the motion for rehearing of appellee Texas Construction Systems, Inc. (TCS). We withdraw our opinion of January 27, 2011, and issue the following substitute opinion in its place.

Appellant Bluelinx Corporation appeals from the trial court's judgment entered in favor of TCS after a jury trial. In six issues, Bluelinx argues that (a) the trial court erred in submitting a jury question on quantum meruit and the evidence is insufficient to support the jury's award for quantum meruit, (b) foreclosure against Bluelinx's property was improper, (c) the trial court erred in awarding attorney's fees and costs, and (d) the trial court erred in failing to submit findings of fact and conclusions of law. We conclude that a portion of the jury's quantum meruit award was improper, and therefore we modify the judgment to eliminate this portion of the award. In light of our reduction in the damages award, we also reverse and remand the award of attorney's fees. We affirm the remainder of the trial court's judgment.

### BACKGROUND

TCS is a construction contractor. Bluelinx hired TCS to design and build a storage shed at a Bluelinx facility in Houston. The contract required that TCS "obtain" a building permit from the City of Houston. Harry Sturges, TCS's president, spent 49.25 hours over four months attempting to secure the permit. Bluelinx then hired a "permit expediter" to take over work on the permit, and it was another three and a half months before the City of Houston finally issued a permit.

Bluelinx fired TCS and hired another contractor to complete the construction job. TCS then sued Bluelinx for breach of contract and quantum meruit and requested foreclosure on a mechanic's and materialman's lien it placed on Bluelinx's property. Bluelinx counterclaimed for breach of contract. At trial, the jury found that neither party breached the contract but that Bluelinx owed TCS $10,046.20 under the quantum meruit theory. Post-trial, the trial court ordered foreclosure of TCS's lien against Bluelinx and awarded attorney's fees and costs to TCS. Bluelinx now appeals.

Analysis

## A. Quantum Meruit

In its third issue, Bluelinx argues that the trial court erred in submitting a quantum meruit question to the jury, and in its sixth issue, Bluelinx contends that the evidence is legally and factually insufficient to sustain the jury's award.

■ Quantum meruit is an equitable remedy based on an implied promise to pay for benefits received. *See Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex.1990); *Wohlfahrt v. Holloway*, 172 S.W.3d 630, 634 (Tex.App.-Houston [14th Dist.] 2005, pets. denied). To prove quantum meruit, a party must show (a) valuable services were rendered or materials furnished, (b) for the person sought to be charged, (c) the services or materials were accepted and used by the person sought to be charged, (d) under such circumstances to reasonably notify the person to be charged that the party seeking recovery was expecting to be paid by the person sought to be charged. *See Vortt Exploration*, 787 S.W.2d at 944; *Wohlfahrt*, 172 S.W.3d at 634.[1]

### 1. Submitting Jury Question

■ Bluelinx argues that the trial court erred in submitting a jury question on quantum meruit. All parties are entitled to have controlling issues that are raised by the pleadings and evidence submitted to the jury. *See* Tex.R. Civ. P. 278; *Lehmann v. Wieghat*, 917 S.W.2d 379, 382 (Tex.App.-Houston [14th Dist.] 1996, writ denied). TCS pleaded quantum meruit, but Bluelinx contends it should not have been submitted as a matter of law because an express contract exists between the parties. We disagree. A party may recov-

er in quantum meruit when there is no express contract covering the services or materials furnished. *See Black Lake Pipe Line Co. v. Union Constr. Co.*, 538 S.W.2d 80, 86 (Tex.1976), *overruled on other grounds by Sterner v. Marathon Oil Co.*, 767 S.W.2d 686 (Tex.1989); *Coastal Chem, Inc. v. Brown*, 35 S.W.3d 90, 101 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). The existence of an express contract does not preclude quantum meruit recovery for services or materials that are not covered by the contract. *Black Lake*, 538 S.W.2d at 86; *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 154 (Tex.App.-Houston [1st Dist.] 2005, pet. denied); *Coastal Chem*, 35 S.W.3d at 101.

■ TCS argued at trial that it performed work outside the scope of the contract, and it offered supporting evidence. For example, Sturges testified that, at Bluelinx's request, TCS spent $2,130.02 to obtain a more expensive type of building material than that specified in the bid. A trial court may refuse to submit an issue to the jury only if no evidence exists to warrant its submission. *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex.1992). Sturges's testimony is some evidence to warrant submission of a quantum meruit question to the jury. The trial court did not err in submitting a quantum meruit question to the jury, and we therefore overrule Bluelinx's third issue.

### 2. Sufficiency of the Evidence

■ In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the fact finding, crediting favorable evidence if reasonable persons could, and disregarding contrary

---

1. The jury was asked if TCS performed compensable work for Bluelinx, and the jury charge included the following instruction: "One party performs compensable work if valuable services are rendered or materials furnished for another party who knowingly accepts and uses them and if the party accepting them should know that the performing party expects to be paid for the work."

evidence unless reasonable persons could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex.2005). We may not sustain a legal sufficiency point unless the record demonstrates (a) a complete absence of a vital fact, (b) the court is barred by the rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence to prove a vital fact is no more than a scintilla, or (d) the evidence established conclusively the opposite of the vital fact. *Id.* at 810. We must determine whether the evidence at trial would enable reasonable and fair minded people to find the facts at issue. *See id.* at 827, To evaluate the factual sufficiency of the evidence to support a finding, we consider all the evidence and will set aside the finding only if the evidence supporting the finding is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex.1998); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

The jury heard testimony regarding expenses for certain materials. Sturges testified to $2,130.02 in changed materials expenses that were incurred at the request of Frank Miller, the project manager at Bluelinx, and were not covered by the contract. After Bluelinx fired TCS, TCS submitted a change order requesting reimbursement for, among other things, the materials expenses. Miller testified that he never discussed the change order with Sturges, but the jury could have reasonably inferred that Bluelinx should have known TCS expected to be paid for accommodating his request for more expensive materials than were provided for in the contract. *See Vortt Exploration*, 787 S.W.2d at 944; *Wohlfahrt*, 172 S.W.3d at 634. Therefore, quantum meruit recovery based on $2,130.02 in materials expenses was proper.

The jury also heard evidence of the 49.25 hours that Sturges spent attempting to obtain a building permit from the City of Houston. Bluelinx argues in its brief that the hours Sturges spent working on the permit process are not compensable via quantum meruit because obtaining a permit is within the scope of work covered by the contract. We agree with Bluelinx that the plain language of the contract includes Sturges's work to procure the permit. The contract requires TCS "to obtain all licenses and permits" and to "furnish all labor, materials, services, [and] supervision" necessary to perform its duties under the contract. This language unambiguously requires TCS to furnish all labor and supervision necessary to obtain the permit. Sturges testified about his expectation to be paid for the hours he spent obtaining the permit and his opinion of the industry practice, but such parol evidence cannot be used to create an ambiguity in an otherwise unambiguous contract. *See In re Polymerica, LLC*, 296 S.W.3d 74, 77 (Tex.2009) (orig. proceeding) (stating that party's beliefs regarding contract did not alter unambiguous language of the contract); *Tellepsen Builders, L.P. v. Kendall/Heaton Assocs., Inc.*, 325 S.W.3d 692, 696 (Tex.App.-Houston [1st Dist.] 2010, pet. denied) ("An unambiguous contract will be enforced as written and parol evidence will not be received for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports."). Thus, the jury's award cannot be sustained based on the hours Sturges spent obtaining the permit.

TCS argues that a portion of the jury's damages award can be supported by considering $8,613.34 Bluelinx withheld as a retainage from TCS's payment application that was never reimbursed. The goods and services to which

this retainage relates are covered by the parties' contract. As a general rule, a plaintiff seeking to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit only if there is no express contract covering those services or materials. *See Truly v. Austin*, 744 S.W.2d 934, 936 (Tex.1988). But the Supreme Court of Texas has recognized three exceptions to this general rule: (1) when the plaintiff has partially performed an express contract, but because of the defendant's breach, the plaintiff is prevented from completing the contract; (2) under certain circumstances when the plaintiff partially performs an express, unilateral contract; and (3) when a contractor under a building or construction contract breaches the contract and the owner accepts and retains the benefits arising as a direct result of the contractor's partial performance of the contract.[2] *See id.* at 936–37. In the case under review, the contract is bilateral, not unilateral. In addition, the jury found that neither party breached the contract, and no party has challenged these findings in the trial court or on appeal.[3] Accordingly, TCS's claim for the $8,613.34 does not fall within any of the three recognized exceptions, and TCS cannot recover this amount under quantum meruit. *See id.* at 936–38; *see Pepi Corp. v. Galliford*, 254 S.W.3d 457, 462–63 (Tex.App.-Houston [1st Dist.] 2007, pet. denied) (recognizing three exceptions to general rule that an express contract bars recovery under quantum meruit and holding recovery precluded under third exception because plaintiff did not breach).

Both viewing the evidence in the light most favorable to the verdict and consider-ing all of the evidence, we conclude the evidence is legally and factually sufficient only to support a finding of $2,130.02 due to TCS under the quantum meruit theory. We therefore sustain Bluelinx's sixth issue in part and modify the judgment to reduce the damages award to $2,130.02.

## B. Foreclosure

In its fourth issue, Bluelinx argues that the trial court erred in ordering foreclosure of TCS's mechanic's and materialman's lien against Bluelinx's property. In its brief, Bluelinx claims that it was denied the opportunity to present its defenses to foreclosure. During pretrial proceedings, Bluelinx informed the court that it intended to dispute foreclosure of the lien based on lack of notice. The court responded that the issue of foreclosing the lien was a legal one that could be taken up between the verdict and entry of judgment. After the verdict, TCS moved for entry of judgment and requested foreclosure of its lien. In its response to TCS's motion for entry of judgment, Bluelinx did not mention the foreclosure issue at all. The trial court rendered judgment, including ordering foreclosure of TCS's lien. Finally, in its motion to modify the judgment, Bluelinx argued that the trial court's foreclosure order was improper because Bluelinx did not have an opportunity to present its defenses and because money damages is the only proper remedy for a successful quantum meruit claim, and the trial court denied this motion.

We conclude that Bluelinx was provided with the opportunity to present its defenses. In its motion for entry of judgment, TCS specifically requested foreclosure,

**2.** Under the third exception, the plaintiff can recover in quantum meruit the reasonable value of the services rendered or materials supplied less any damages suffered by the defendant as a result of plaintiff's breach of the contract. *See Truly,* 744 S.W.2d at 937.

**3.** At trial, TCS did not plead or argue partial performance. The evidence did not prove as a matter of law that TCS failed to substantially perform the contract.

and not only did Bluelinx fail to request a hearing to present its defenses, it failed to mention the foreclosure issue entirely, though it easily could have done so in its motion response or otherwise. Therefore, we reject Bluelinx's argument that the trial court granted foreclosure without any opportunity for Bluelinx to present defenses.

Bluelinx further argues that foreclosing the lien was improper because money damages are the only available remedy for a quantum meruit claim. Bluelinx cites two cases, neither of which supports its theory. *See Campbell v. Nw. Nat'l Life Ins. Co.,* 573 S.W.2d 496, 498 (Tex.1978); *Scott v. Walker,* 141 Tex. 181, 170 S.W.2d 718, 720 (1943). *Campbell* merely held that quantum meruit was available for unpaid services, *see* 573 S.W.2d at 498, and *Scott* held that an obligation made unenforceable under the statute of frauds could be enforced via quantum meruit, *see* 170 S.W.2d at 720. In this case, the trial court ordered foreclosure on the lien securing payment for labor done or materials furnished. *See* TEX. PROP.CODE § 53.021. Bluelinx offers no support for the theory that this was improper solely because the damages were awarded on a quantum meruit claim.

Finally, Bluelinx contends that foreclosure of a lien is improper in the quantum meruit context because TCS was required to prove breach of contract to foreclose on a lien under section 53.021. Bluelinx never made this argument to the trial court, and thus it is waived on appeal. TEX. R.APP. P. 33.1(a); *Neely v. Comm'n for Lawyer Discipline,* 302 S.W.3d 331, 339 n. 6 (Tex.App.-Houston [14th Dist.] 2009, pet. denied).

The trial court did not err in granting foreclosure to TCS, and we overrule Bluelinx's fourth issue.

## C. Attorney's Fees

 In its first issue, Bluelinx contends that the trial court erred in awarding attorney's fees to TCS because there was no jury finding regarding attorney's fees. TCS pleaded for attorney's fees, and the trial court expressly awarded them, under both chapter 38 of the Civil Practice and Remedies Code[4] and section 53.156 of the Property Code.[5] Bluelinx's appellate briefing focuses on chapter 38 and never mentions section 53.156. Because Bluelinx does not challenge on appeal the trial court's award of attorney's fees under section 53.156, any error in awarding attorney's fees under chapter 38 without a jury finding is harmless. *See Britton v. Tex. Dep't of Crim. Justice,* 95 S.W.3d 676, 681 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (holding that failure to challenge independent ground to support trial court's ruling renders any error in complained-of ground harmless).

Bluelinx further contends that TCS was not entitled to attorney's fees because TCS did not meet its burden of proving reasonable and necessary expenses and because TCS's attorney did not provide a current resume. We need not consider these arguments because we reverse the attorney's fees award and remand for a new trial in light of the reduction in the damages award. *See Barker v. Eckman,* 213 S.W.3d 306, 313–15 (Tex.2006) (holding that correct remedy when appellate court substantially reduces damages award is to reverse and remand for a new trial on the

4. Attorney's fees are recoverable under chapter 38 of the Civil Practice and Remedies Code in both breach of contract and quantum meruit actions. *See* TEX. CIV. PRAC. & REM.CODE § 38.001(1)-(3), (8); *Caldwell & Hurst v. Myers,* 714 S.W.2d 63, 65 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.).

5. Section 53.156 provides that in a proceeding to foreclose a lien such as TCS's, "the court may award costs and reasonable attorney's fees as are equitable and just." TEX. PROP.CODE § 53.156.

issue of attorney's fees); *Tex. Mut. Ins. Co. v. Morris*, 287 S.W.3d 401, 429 (Tex. App.-Houston [14th Dist.] 2009, pet. filed) (reversing attorney's fees award and remanding for new trial when damages award was reduced on appeal by over seventy-five percent).

## D. Costs

■ In its fifth issue, Bluelinx argues that the trial court erred in awarding costs to TCS because TCS was not the successful party and because TCS did not present an itemized list of all costs. Section 53.156 of the Property Code authorizes the court to award not only attorney's fees in a proceeding to foreclose a lien but costs as well. As discussed above, TCS was successful in its proceeding to foreclose on its lien, and the trial court did not abuse its discretion in awarding TCS costs. *See Wesco Distrib., Inc. v. Westport Group, Inc.*, 150 S.W.3d 553, 562 (Tex.App.-Austin 2004, no pet); *Tex. Wood Mill Cabinets, Inc. v. Butter*, 117 S.W.3d 98, 107 (Tex. App.-Tyler 2003, no pet.). Further, the judgment does not recite a specific amount of costs but merely states that "[a]ll costs of court are assessed against" Bluelinx. The clerk's record contains an itemization of costs, and TCS is entitled under the court's order to recover those costs of record. We overrule Bluelinx's fifth issue.

## E. Findings of Fact and Conclusions of Law

■ In its second issue, Bluelinx argues that the trial court erred in not entering findings of fact and conclusions of law. Texas Rule of Civil Procedure 296 provides a right to require the trial court to provide findings of fact and conclusions of law in certain circumstances. Bluelinx requested such findings and conclusions from the trial court, but the trial court did not enter them. Assuming without deciding that the trial court was required to enter findings of fact and conclusions of law, its failure to do so was harmless. The test for harm is whether the circumstances of the case require an appellant to guess the reason for the trial court's ruling and therefore prevent the appellant from properly presenting its appeal. *Gen. Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 711 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). Bluelinx complains that it had to guess as to the trial court's reasoning in awarding attorney's fees. However, given that the judgment specified that the attorney's fees award was based on chapter 38 and section 53.156 and the amount of attorney's fees the trial court awarded was within forty cents of TCS's request, Bluelinx had sufficient information to present its appellate case. We overrule Bluelinx's second issue.

## CONCLUSION

The trial court properly submitted a quantum meruit question. The evidence is sufficient only to support an award of damages under the quantum meruit theory of $2,130.02. Thus, we modify the judgment to reduce the damages award from $10,046.20 to $2,130.02. Any error in awarding attorney's fees without a jury finding was harmless because Bluelinx did not challenge the award on all grounds relied upon by the trial court, but in light of the reduction in the damages award, we reverse the award of attorney's fees and remand for a new trial on attorney's fees. The trial court also did not err in ordering foreclosure on TCS's lien against Bluelinx's property. Finally, the trial court did not err in awarding costs, and did not reversibly err in failing to enter findings of fact and conclusions of law. We reverse the award of attorney's fees and remand for a new trial on that issue, and we affirm the remainder of the trial court's judgment as modified.