

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00055-CV

_____

BRIAN A. SMALE, Appellant

V.

PAMELA ANN WILLIAMS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 18C156

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Brian A. Smale, a beneficiary of the John and Gwen Smale Living Trust, sued the trustee of that trust, Pamela Ann Williams, for an accounting of trust assets and alleged her breach of fiduciary duty for failing to list and distribute all trust assets. The trial court dismissed Smale's petition and awarded Williams $6,375.00 in attorney fees after it found that the same claims had been raised and settled by Smale in a prior lawsuit. Smale, appearing pro se, does not challenge that finding on appeal. Rather, Smale argues only that the trial court erred in granting Williams' motion to dismiss without fourteen-days' notice and a hearing, in awarding attorney fees, in failing to enter findings of fact and conclusions of law, and in failing to bifurcate a defamation claim allegedly asserted by Smale in his response to Williams' dismissal motion. Smale also argues that the trial court erred in granting Williams a continuance.

Smale admits that he filed a petition "in three different courts" raising claims seeking an accounting of the trust assets. Before filing this case in 2018 in the 5th Judicial District Court of Cass County, Texas, Smale's petition recited that he had filed a similar case in 2015 in the same court, which was subsequently transferred to the Probate Court No. 2 of Dallas County, Texas (Dallas Court). At the time of the 2015 transfer, the Dallas Court was resolving competing applications from Smale and his sister, Williams, to probate their father's will. In response to Williams' application, Smale raised counterclaims in front of the Dallas Court alleging breach of fiduciary duties with respect to Williams' failure to provide an accounting of trust assets. Smale's

petition here acknowledged that he signed a Mediated Settlement Agreement (MSA) in the Dallas County case.[1]  The Dallas Court approved the MSA and dismissed the claims on June 1, 2016.

In this case, Smale's petition demanded an accounting from Williams and asserted breach of fiduciary duty and fraud for her failure to include two abbey crypts located at a Dallas-area cemetery in the inventory of trust assets filed with the Dallas Court.  Yet, his petition referenced and attached a February 28, 2017, supplemental accounting filed by Williams in the Dallas Court notifying it that Williams had mistakenly omitted the abbey crypts.  The supplemental accounting further stated that Smale was aware of the crypts titled in the name of the living trust, but failed to bring them to the attention of the mediator.  Smale attached to his petition emails authored by him proving he was aware of the abbey crypts before the mediation resulting in the MSA.  On March 15, 2017, the Dallas Court approved the final accounting, and the administration of Smale and Williams' father's estate was closed on June 29, 2017.

Accordingly, in response to this lawsuit filed by Smale, Williams filed a motion to dismiss Smale's claims under Rule 91a of the Texas Rules of Civil Procedure.  Williams referenced the portions of Smale's petition and attached documentation showing that Smale made the same claims in the Dallas Court and that she had made the required accounting in front of that court.[2]  Therefore,

---

[1]In the MSA signed on April 18, 2016, Smale agreed to discharge Williams from all claims "and allegations of any kind and character whatsoever whether . . . known or unknown . . . , whether or not asserted in the . . . case . . . arising out of or in any way connected to the events and transactions, which are related to the subject matter of this cause." The MSA also stated, "RESPECTIVELY, [SMALE'S] RELEASE . . . IS INTENDED TO END ALL LITIGATION AND ALL POSSIBLE LITIGATION AND APPLIES TO AND IS EFEECTIVE FOR ANY AND ALL CONCEIVABLE CAUSES OF ACTION BETWEEN THE PARTIES."

[2]The original petition in this case is virtually identical to the pleading raising the same issues in the case filed in the Dallas Court.

Williams argued that those claims were addressed by the MSA and were barred by res judicata. Williams sought attorney fees under Rule 91a and submitted an affidavit from counsel on the issue. The trial court granted the Rule 91a motion, dismissed Smale's petition, and awarded the attorney fees to Williams.

We affirm the trial court's judgment, because (1) Smale received adequate notice of the hearing on the motion to dismiss, (2) an oral hearing on the motion to dismiss was not required, (3) the award of attorney fees was proper, (4) Smale was not harmed by the trial court's failure to enter findings of fact and conclusions of law, (5) Smale's petition did not assert a defamation claim, and (6) Smale's complaint regarding Williams' continuance is moot.

*(1)   Smale Received Adequate Notice of the Hearing on the Motion to Dismiss*

Smale argues that he did not receive adequate notice of the hearing on the motion to dismiss. We disagree.

Under Rule 91a of the Texas Rules of Civil Procedure, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion." TEX. R. CIV. P. 91a.6.

Our record contains emails from the deputy district clerk demonstrating that she had emailed the motion to dismiss to Smale on May 23, 2018. A delivery receipt showed that Smale

4

received the clerk's email. The trial court scheduled an oral hearing on the motion to dismiss on June 8, thereby providing Smale with more than fourteen days' notice.

However, at the hearing, Smale claimed that he had not received the motion to dismiss, which was also emailed by Williams' counsel. The trial court issued an order stating that Smale was served with "*another* copy" of the motion to dismiss in open court on June 8. On June 14, Williams asked the trial court to rule on the dismissal motion without an oral hearing. On June 19, the trial court entered an order reciting that Smale's "representation that he had not received a copy of the Motion to Dismiss in response to the Court's questioning appear[ed] to be false." In any event, the trial court gave Smale until June 25 to file a response to the motion to dismiss and instructed him that it would rule on the matter on that date "without further oral hearing."

Smale received adequate notice. This point of error is overruled.

*(2)    An Oral Hearing on the Motion to Dismiss Was Not Required*

Smale argues that he was entitled to an oral hearing on the motion to dismiss. A plain reading of the foregoing rule of civil procedure demonstrates that the trial court was not required to hold an oral hearing on the Rule 91a motion. We overrule this point of error.

*(3)    The Award of Attorney Fees Was Proper*

Williams prayed for attorney fees and filed her counsel's affidavit in support of the request. On appeal, Smale does not challenge the sufficiency of the evidence supporting the amount of attorney fees awarded by the trial court. Rather, he argues merely that attorney fees were not allowed under Rule 91a.

5

However, under Rule 91a.7, titled "Award of Costs and Attorney Fee Required," except in actions involving the government, "the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court." TEX. R. CIV. P. 91a.7; *see ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 880 (Tex. 2018). The trial court's award of attorney fees was proper.

We overrule this point of error.

*(4)* *Smale Was Not Harmed by the Trial Court's Failure to Enter Findings of Fact and Conclusions of Law*

Smale also complains of the trial court's failure to enter findings of fact and conclusions of law in response to his timely request and notice of past due findings. Assuming without deciding that the trial court was required to enter findings of fact and conclusions of law, we conclude that its failure to do so was harmless.[3]

"The test for harm is whether the circumstances of the case require an appellant to guess the reason for the trial court's ruling and therefore prevent the appellant from properly presenting its appeal." *Bluelinx Corp. v. Tex. Const. Sys., Inc.*, 363 S.W.3d 623, 631 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (quoting *Gen. Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 711 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)). Here, Williams' defense was based on the argument that Smale's claims were barred by res judicata. "When only a single ground of recovery or a single defense is presented to the trial court, the record shows the appellant has suffered no

---

[3]Williams argues that findings of fact and conclusions of law were not required because the Rule 91a motion was substantively a motion for summary judgment. However, the trial court dismissed Smale's claims under Rule 91a instead of entering a take-nothing summary judgment.

harm because he is not forced to guess the reasons for the trial court's judgment." *Mora v. Mora*, No. 04-17-00428-CV, 2018 WL 4903079, at \*4 (Tex. App.—San Antonio Oct. 10, 2018, no pet.) (mem. op.) (citing *Misczak v. Deutsche Bank Nat'l Tr. Co.*, No. 02-15-00269-CV, 2016 WL 1393026, at \*1 (Tex. App.—Fort Worth Apr. 7, 2016, no pet.) (mem. op.); *Liberty Mut. Fire Ins. v. Laca*, 243 S.W.3d 791, 794 (Tex. App.—El Paso 2007, no pet.); *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 801–02 (Tex. App.—Dallas 2006, pet. denied)).

Smale was not harmed by the trial court's failure to include findings of fact and conclusions of law because the dismissal was based on the fact that Smale's claims were raised and resolved in prior litigation. Therefore, we overrule this point of error.

*(5)     Smale's Petition Did Not Assert a Defamation Claim*

Smale also argues that the trial court should have bifurcated a defamation claim allegedly raised by him. Yet, Smale's petition fails to include any claim for defamation against Williams. The only reference to defamation is included in a June 15 pleading responding to Williams' request for a ruling without a hearing on her motion to dismiss. There, citing the Texas Lawyers' Creed, Smale asserted a "Counterclaim of Defamation Per Se" asserting that Williams' attorney "committed defamation per se with his signature affixed to Williams' REQUEST FOR RULING WITHOUT A HEARING" when he asserted that Smale "*lied . . .* to the Court as to his receipt of service of the Motion to Dismiss." Smale did not amend his petition to include claims against the attorney or otherwise file and serve a petition against him. In other words, the attorney was not otherwise a party to this case. Thus, Smale's assertion of defamation made in his response to

Williams' request for a ruling on her motion to dismiss without a hearing cannot be construed as a petition against her attorney. We overrule this point of error.

*(6)*     *Smale's Complaint Regarding Williams' Continuance is Moot*

Williams electronically filed a motion for continuance that mistakenly included the cause number for the 2015 case previously filed by Smale. The trial court noticed the mistake, and the clerk corrected the cause number on Williams' motion for continuance. Smale argues that the trial court erred in granting the continuance because it was filed in the wrong cause number and was corrected only as a result of fraud committed by the court clerk. Smale also complains that the motion for continuance failed to state that it was not filed for purposes of delay only.

The trial court's entry of the Rule 91a dismissal was dispositive and mooted Smale's complaint regarding any alleged error in the granting of Williams' motion for continuance. "Appellate courts are prohibited from deciding moot controversies." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). Accordingly, we overrule this point of error as moot.

We affirm the trial court's judgment.


                                Josh R. Morriss, III
                                Chief Justice


Date Submitted:     January 23, 2019
Date Decided:       February 8, 2019