

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00081-CV

RUSTIN PEROT WRIGHT, Appellant

V.

ASHLEY BROOKE WOMACK, Appellee

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 90398

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

After Rustin Perot Wright voluntarily nonsuited all of his claims against Ashley Brooke Womack, the trial court awarded Womack her requested attorney fees. Appearing pro se on appeal, Wright raises issues related to the merits of his nonsuited claims. He also argues that the trial court erred by refusing to issue findings of fact and conclusions of law and by awarding Womack attorney fees.

Because Wright voluntarily nonsuited his claims, we find that the trial court's judgment in Womack's favor was proper. Consequently, we do not address Wright's appellate arguments related to the merits of those claims since they were mooted by Wright's notice of nonsuit. We also find that Wright was unharmed by the lack of findings of fact and conclusions of law and that the trial court did not abuse its discretion by awarding Womack attorney fees. As a result, we affirm the trial court's judgment.

## I.     Factual and Procedural Background

This case involves a lengthy dispute over the parent-child relationship of A.G.F.W., Wright and Womack's son.[1] In March 2010, the 6th Judicial District Court of Lamar County entered an agreed order that appointed both Wright and Womack as A.G.F.W.'s joint managing conservators but gave Womack the exclusive right to designate the child's primary residence within Lamar or Denton County, Texas. *See In re A.G.F.W.*, No. 06-12-00111-CV, 2013 WL 2459886, at *1 (Tex. App.—Texarkana June 6, 2013, no pet.) (mem. op.).

---

[1]We use initials to protect the identity of the child. *See* TEX. R. APP. P. 9.8.

In May 2013, Womack filed a "Motion for Enforcement, a Motion to Modify, and a Temporary Restraining Order against Wright, in the Sixth Judicial District Court." In June 2015, after the judge of the 6th Judicial District recused, the Presiding Judge of the First Administrative Judicial Region entered an order transferring the case to the 62nd Judicial District Court of Lamar County (the 62nd). On August 23, 2018, the 62nd entered an order nunc pro tunc modifying the parent-child relationship by requiring Wright to pay child support, among other things. *See In re A.G.F.W.*, No. 06-24-00082-CV, 2025 WL 1374129, at *1 (Tex. App.—Texarkana May 13, 2025, no pet.) (mem. op.). On September 5, 2018, the 62nd transferred the suit to Parker County, Texas.

On August 22, 2019, Womack alleged that Wright had taken A.G.F.W. without her permission and refused to return him. She filed a petition in the 415th Judicial District Court of Parker County (the 415th) to obtain enforcement of the child support order and to obtain temporary orders. On August 28, 2019, the 415th entered temporary orders enjoining Wright from interfering with Womack's right of possession to the child.[2] On September 20, 2019, the 415th entered further temporary orders giving Womack the exclusive right of possession to A.G.F.W. while denying Wright any contact with the child until further order of the court.

In 2021, Wright filed the lawsuit he is currently appealing. Wright filed his petition against Womack in the 62nd. Wright's petition asked the 62nd to declare "all orders entered after June 2, 2015[,] by the 6th Judicial District Court, 62nd Judicial District Court, and the 415th Judicial District Court to be void and to vacate the same." Womack filed a general denial and

---

[2]In September 2019, Wright filed a notice of removal to federal court, which promptly remanded the matter back to the 415th.

requested attorney fees under Section 37.009 of the Texas Civil Practice and Remedies Code. On August 10, 2021, the presiding judge of the 62nd recused, and on November 12, 2021, the Presiding Judge of the Tenth Administrative Judicial Region entered an order appointing the retired judge of the County Court at Law of Hunt County, the Honorable F. Duncan Thomas, to preside over the case.

Because the lawsuit in the 415th was still pending, the 62nd granted Womack's motion to stay the case on December 9, 2021. In July 2022, the 62nd further set a hearing on Wright's motion to lift the stay on the same day as the trial setting—September 30, 2022. However, because the 415th had entered a final order in its suit affecting the parent-child relationship (SAPCR) on April 21, 2022, after a four-day trial, Womack moved to dismiss the lawsuit.

Womack notified the 62nd that Wright had raised the same claims seeking declaratory relief in the suit pending in the 415th but that that court had already denied them. As a result, Womack argued that res judicata barred Wright's claims in the 62nd for declaratory relief. On July 20, 2023, the Second Court of Appeals ruled in favor of Wright, finding that Parker County did not have jurisdiction over the SAPCR. *See In re A.W.*, No. 02-22-00272-CV, 2023 WL 4630630, at *4–5 (Tex. App.—Fort Worth July 20, 2023, no pet.) (mem. op.).

Even so, Womack filed a motion for partial summary judgment. After the trial court set Womack's partial summary judgment motion for a hearing, Wright filed a notice of nonsuit of all claims he had brought against Womack and prayed for the 62nd to dismiss the case. On September 27, 2024, the trial court dismissed Wright's claims, leaving only Womack's claim for attorney fees. In its final judgment, the trial court rendered judgment for Womack and awarded

4

her $23,325.00 for reasonable and necessary attorney fees. Although Wright requested findings of fact and conclusions of law, none were entered.

## II. The Trial Court's Dismissal of Wright's Claims Was Proper

Wright raises several issues in his pro se brief relating to the merits of his case, including whether the trial court erred by allegedly relying on orders from other courts that Wright sought to have declared void. Wright also argues that the trial erred by failing to make pre-trial rulings. We do not address these matters since Wright voluntarily nonsuited all of his claims.[3]

Rule 162 of the Texas Rules of Civil Procedure provides a plaintiff with the right to nonsuit his claims. TEX. R. CIV. P. 162. A "nonsuit extinguishes a case or controversy from 'the moment the motion is filed.'" *Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam) (quoting *Shadowbrook Apartments v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990) (per curiam)). "[T]he nonsuit's effect" is to "render[] the merits of the case moot." *Id.* at 101. As a result, we do not address Wright's complaints on appeal related to the merits of his declaratory judgment action.[4] *See id.*; *Mobley v. Mobley*, 506 S.W.3d 87, 91 (Tex. App.—Texarkana 2016, no pet.). Further, Wright's complaints related to his pre-trial motions are also moot. We overrule all of Wright's points of error related to the merits of his declaratory judgment claims.

---

[3]Moreover, some of Wright's complaints were handled by the Fort Worth Court of Appeals. *See In re A.W.*, 2023 WL 4630630, at *4.

[4]Wright complains about discovery matters and says he did not receive proper notice of Womack's motion for partial summary judgment and objections to the proposed order granting the nonsuit. The nonsuit has mooted these complaints as well. Wright also complains that the trial court failed to rule on a "Plea to the Jurisdiction with Motion for Transfer to Collin County," but that motion was filed after Wright had already nonsuited his claims, and he appears to argue in that motion the merits of a different case.

## III. Wright Was Unharmed by the Lack of Findings of Fact and Conclusions of Law

Next, Wright complains of the trial court's failure to enter findings of fact and conclusions of law in response to his timely request and notice of past due findings. Assuming without deciding that the trial court was required to enter findings of fact and conclusions of law, we conclude that its failure to do so was harmless.

"The test for harm is whether the circumstances of the case require an appellant to guess the reason for the trial court's ruling and therefore prevent the appellant from properly presenting its appeal." *Smale v. Williams*, No. 06-18-00055-CV, 2019 WL 490136, at *3 (Tex. App.—Texarkana Feb. 8, 2019, no pet.) (mem. op.) (quoting *Bluelinx Corp. v. Tex. Const. Sys., Inc.*, 363 S.W.3d 623, 631 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Gen. Elec. Cap. Corp. v. ICO, Inc.*, 230 S.W.3d 702, 711 (Tex. App.—Houston [14th Dist.] 2007, pet. denied))). Here, no guesswork is required since the trial court entered judgment against Wright after he nonsuited all of his claims. As a result, we overrule this point of error.[5]

## IV. The Trial Court Did Not Abuse Its Discretion by Awarding Womack Attorney Fees

Wright also argues that the trial court's award of attorney fees was "Legally Impossible," but he does not challenge the amount of the award, which was supported by evidence, including Womack's counsel's testimony and detailed billing records. Because the trial court had discretion to award attorney fees, we overrule this point of error.

Under Rule 162 of the Texas Rules of Civil Procedure, a plaintiff's right to nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief,"

---

[5]Wright argues that the trial court relied on void orders, but no reliance on any prior orders was necessary to resolve this case due to the nonsuit.

6

and a dismissal "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal." TEX. R. CIV. P. 162. For this reason, Rule 162 "permits motions for . . . attorney's fees . . . to remain viable in the trial court." *Univ. of Tex. Med. Branch at Galveston*, 195 S.W.3d at 101; *see MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009) ("[T]he Declaratory Judgments Act allows fee awards to either party in all cases.").[6] Further, it is within the trial court's discretion to award a prevailing party in a suit for declaratory judgment "reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009; *see Securtec, Inc. v. Cnty. of Gregg*, 106 S.W.3d 803, 816 (Tex. App.—Texarkana 2003, pet. denied); *State Farm Lloyds v. C.M.W.*, 53 S.W.3d 877, 894 (Tex. App.—Dallas 2001, pet. denied).

We conclude that the trial court did not abuse its discretion by awarding Womack attorney fees. As a result, we overrule Wright's last point of error.[7]

---

[6]Although Wright initiated this lawsuit, he now argues that the trial court did not have jurisdiction to award attorney fees, but his briefing fails to explain why. Because Wright's petition invoked the trial court's jurisdiction, we overrule this point. *See In re R.G.*, No. 06-24-00035-CV, 2024 WL 4142842, at *8 (Tex. App.—Texarkana Sept. 11, 2024, no pet.) (mem. op.) (finding that "the party's pleadings invoke the trial court's jurisdiction to render a judgment" (quoting *In re J.W.*, No. 06-21-00098-CV, 2022 WL 319868, at *2 (Tex. App.—Texarkana Feb. 3, 2022, no pet.) (mem. op.)).

[7]Our resolution of these complaints is dispositive of Wright's appeal, including his point of error raising cumulative error.

## V.    Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:    May 12, 2025
Date Decided:    July 3, 2025