**Barbara Jackson HUDSON, Appellant,**

v.

**Jayla COOPER, Appellee.**

No. 14–03–00790–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 22, 2005.

Joseph R. Willie, II, Houston, for appellant.

Wendle Van Smith, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices EDELMAN and SEYMORE.

## OPINION

RICHARD H. EDELMAN, Justice.

In this suit for attorney compensation, Barbara Jackson Hudson appeals a take-nothing judgment in favor of Jayla Cooper on the grounds that: (1) the trial court erred in granting a directed verdict against Hudson's quantum meruit claim; and (2) the jury finding against Hudson's breach of contract claim was against the great weight and preponderance of the evidence. We affirm in part and reverse and remand in part.

### Background

Cooper entered into a written contingency fee agreement (the "agreement") for Hudson to represent her in asserting a personal injury claim. Before the case was concluded, Cooper discharged Hudson and hired other counsel. Hudson filed a plea in intervention in the personal injury case, seeking compensation for the legal services she had provided, and Cooper en-

tered into a settlement of her personal injury claims. At the trial on Hudson's claims, the trial court granted a directed verdict against the quantum meruit claim, and the jury found against Hudson on the breach of contract claim.

## Contract Claim

■ The first question in the jury charge (the "charge") asked whether a contract existed between Cooper and Hudson, and the jury answered affirmatively. The second question (and accompanying instruction) then asked:

Did [Cooper] fail to comply with the agreement?

Failure to comply by [Cooper] is excused by [Hudson's] prior repudiation, if any, of the same agreement.

A party repudiates an agreement when she indicates by her words or actions that she is not going to perform her obligations under the agreement in the future, showing a fixed intention to abandon, renounce and refuse to perform the terms of the contract.

The jury answered "no" to this question, and Hudson's second[1] issue contends that this finding was against the great weight and preponderance of the evidence.

■ We review such a factual sufficiency challenge by weighing and considering all the evidence in the case. *Golden Eagle Archery, Inc. v. Jackson,* 116 S.W.3d 757, 761 (Tex.2003). However, we may not pass upon the witnesses' credibility or substitute our judgment for that of the jury, even if the evidence would clearly support a different result. *Id.* Instead, the judgment will be set aside only if the evidence is so factually weak, or the verdict so contrary to the overwhelming weight of the evidence, as to make the judgment

clearly wrong and unjust. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001).

In this case, Cooper testified that, two weeks before trial was scheduled on her personal injury claims, Hudson told her that: (1) she (Hudson) was ill; (2) she would be unable to go to trial; (3) she was not prepared to go to trial; and (4) Cooper would have to find another attorney. This evidence was legally sufficient to support a finding that Hudson repudiated her agreement to represent Cooper in the lawsuit and, thus, a negative answer to question 2 of the charge. Although Hudson presented conflicting testimony of the circumstances leading to her discharge by Cooper, it does not render the evidence supporting the verdict so factually weak, or the verdict so contrary to the overwhelming weight of the evidence, as to make the judgment clearly wrong and unjust. Therefore, Hudson's second issue is overruled.

## Quantum Meruit Claim

■ Cooper's motion for directed verdict asserted that there "has been no testimony as it relates to any kind of quantum meruit finding ...", and the trial court's judgment states that this motion was granted because Hudson "failed to introduce any probative evidence of [her] quantum meruit claim...." Hudson's first issue challenges the directed verdict on the ground that the evidence at trial was sufficient to raise fact issues on her quantum meruit claim.

■ As applicable to this case, a directed verdict may be granted if a plaintiff fails to present evidence raising a fact issue on one or more elements that are essential to the plaintiff's right of recovery. *See Prudential Ins. Co. v. Fin. Review Servs., Inc.,* 29 S.W.3d 74, 77 (Tex.2000).

1. We will address Hudson's two issues in reverse order for ease of presentation.

Therefore, in reviewing the directed verdict, we determine whether there was more than a scintilla of evidence to raise a fact question on the elements of the quantum meruit claim. *See Coastal Transp. Co., v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex.2004). In conducting this review, we consider all of the evidence in the light most favorable to Hudson, disregard all contrary evidence and inferences, and give Hudson the benefit of all reasonable inferences that may be drawn from the evidence. *See id.* at 234.

▬▬ To recover under a quantum meruit theory, Hudson must have proved that: she rendered valuable services for Cooper's benefit; Cooper accepted those services; and under such circumstances as reasonably notified Cooper that Hudson expected to be paid for the services. *See Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992). Despite the existence of an express contract that covers the subject matter of the claim, recovery in quantum meruit is permitted where, as here, the contract is unilateral in nature, and the plaintiff partially performs it. *Truly v. Austin*, 744 S.W.2d 934, 937 (Tex. 1988). The measure of recovery for quantum meruit is the reasonable value of the services. *See Colbert v. Dallas Joint Stock Land Bank*, 136 Tex. 268, 150 S.W.2d 771, 773 (1941).

▬▬ Where equitable relief, such as quantum meruit, is claimed, a trial court must first determine whether any contested fact issues exist that are not established as a matter of law and must therefore be decided by a jury (if requested), such as: (1) whether the plaintiff performed valuable work for the defendant, the defendant accepted it, and the defendant had reason to know the plaintiff expected to be paid for the work; and (2) the reasonable value of the attorney's services. *See Burrow v. Arce*, 997 S.W.2d 229, 245–46 (Tex.1999); Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges, Business, Consumer, Insurance, Employment PJC 101.42, 110.6 (2003). Once any such necessary factual disputes have been resolved, the weighing of all equitable considerations (such as whether the defendant has been unjustly enriched, the plaintiff would be unjustly penalized if the defendant retained the benefits of the partial performance without paying for them, and the plaintiff had "unclean hands") and the ultimate decision of how much, if any, equitable relief should be awarded, must be determined by the trial court (rather than a jury). *Burrow*, 997 S.W.2d at 245–46; *see Truly*, 744 S.W.2d at 937. A decision by a trial court to grant or deny equitable relief is subject to the same review on appeal as any other legal issue. *Burrow*, 997 S.W.2d at 246.

In this case, because the trial court's directed verdict purports to be only a decision that there was legally insufficient evidence to prove the quantum meruit fact issues, and not any further decision concerning equitable considerations, we will review it only to that extent.[2] The evidence in this case includes: (1) the agreement, essentially providing that Hudson would be paid, as compensation for her services, forty percent of any recovery received by Cooper after suit was filed; (2) testimony describing the work Hudson performed and amounts she expended in representing Cooper in the case; (3) testimony that Cooper was offered $99,000 to settle the case before Hudson was discharged; and (4) testimony that Cooper ultimately accepted that amount plus $1000 in expenses to settle the case after

---

**2.** We thus do not reach Cooper's claim for fee forfeiture because we find no ruling by the trial court on that issue. *See Burrow*, 997 S.W.2d at 245–46.

hiring new counsel. Viewed in the light most favorable to Hudson, this evidence is sufficient to raise fact issues as to: (1) whether Hudson performed valuable work for Cooper, Cooper accepted the work, and Cooper had reason to know of Hudson's expectation to be paid for the work; and (2) a reasonable value of the services Hudson provided. We therefore sustain Hudson's first issue, challenging the directed verdict on the quantum meruit fact issues. Accordingly, we reverse the take-nothing judgment as to Hudson's quantum meruit claim, remand that claim to the trial court, and affirm the remainder of the judgment.