Affirmed as Modified and Memorandum Opinion filed July 10, 2008








Affirmed as
Modified and Memorandum
Opinion filed July 10, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00835-CV

____________

 

JOHN GANIM, Appellant

 

V.

 

COTTON USA, L.P., Appellee

 



 

On Appeal from the 55th
District Court

Harris  County, Texas

Trial Court Cause No. 2006-15646

 



 

M E M O R A N D U M   O P I N I O N

Appellant,
John Ganim, appeals a quantum meruit judgment in favor of appellee, Cotton USA,
L.P. (ACotton USA@).  In two issues, appellant
challenges: (1) the legal and factual insufficiency of the evidence on Cotton
USA=s quantum meruit claim; and (2) the
trial court=s unconditional award of attorney=s fees in the event of an appeal.  We
affirm as modified.

I. 
BACKGROUND  








Appellant
is the owner of Birnamwood Plaza, a retail multi-occupancy property in
Houston.  On January 6, 2006, a fire damaged Birnamwood Plaza.  Appellant
contacted his insurance carrier, Nationwide Insurance (ANationwide@), to report the damage and to make a
claim.  Nationwide recommended cleaning and restoration work to repair the fire
damage.  Thereafter, appellant entered into a contract with Cotton Catastrophe,
L.P. for cleaning and restoration services.  Although appellant contracted with
Cotton Catastrophe, the company had been renamed Cotton USA.  Cotton USA began
cleaning and restoration work at Birnamwood Plaza (ABirnamwood restoration project@).  After its initial services,
Cotton USA submitted two invoices to Nationwide.  The invoice for cleaning
services totaled $16,916.79, and the invoice for restoration services totaled
$16,347.50.

            Weeks later,
Nationwide sent two checks payable to both parties to appellant, one in the
amount of $16,916.79 and the other for $16,347.50.  Upon receiving the checks,
appellant contacted Cotton USA and asked that a company representative pick up
the check.  Cotton USA sent John Neiser, the project manager on the Birnamwood
restoration project.  Neiser obtained the check for the cleaning services in
the amount of $16,916.79, but mistakenly endorsed the check for the restoration
services to appellant.  Thereafter, Cotton USA attempted to collect the second
check for its restoration services, but appellant refused to release it to
Cotton USA.  

Cotton
USA filed suit for breach of contract and quantum meruit.  After a bench trial,
the trial court rendered judgment in favor of Cotton USA on its quantum meruit
claim in the amount of $16,347.50.  The trial court=s judgment also awarded attorney=s fees to Cotton USA in the event of
an appeal to the court of appeals or the Texas Supreme Court.  In two issues,
appellant argues: (1) the evidence is legally and factually insufficient to
support the trial court=s judgment for quantum meruit in favor of Cotton USA; and (2)
the trial court erroneously awarded unconditional attorney=s fees in the event of an appeal.

II. 
SUFFICIENCY OF THE EVIDENCE     

In appellant=s first issue, he
contends that the evidence is legally and factually insufficient to support the
quantum meruit judgment in favor of Cotton USA.  








A. 
Standards of Review

When
reviewing the legal sufficiency of the evidence, we review the evidence in the
light most favorable to the challenged finding and indulge every reasonable
inference that would support it.  City of Keller v. Wilson, 168 S.W.3d
802, 822 (Tex. 2005).  We credit favorable evidence if a reasonable fact-finder
could, and disregard contrary evidence if a reasonable fact-finder could not.  Id.
at 827.  There is Ano evidence@ or legally insufficient evidence when (a) there is a
complete absence of evidence of a vital fact; (b) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (c) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (d) the evidence conclusively establishes the opposite of
the vital fact.  Id. at 810-811.  

In a
factual sufficiency review, we consider all the evidence in the record, both
supporting and contrary to the finding.  Solutioneers Consulting, Ltd. v.
Gulf Greyhound Partners, Ltd., 237 S.W.3d 379, 384 (Tex. App.CHouston [14th Dist.] 2007, no pet). 
We may set aside a verdict only if it is so contrary to the overwhelming weight
and preponderance of the evidence that it is clearly wrong and manifestly
unjust.  Id.   Because this was a bench trial without findings of
fact and conclusions of law, all facts necessary to support the judgment and
supported by the evidence are implied.  Sixth RMA Partners, L.P. v. Sibley,
111 S.W.3d 46, 52 (Tex. 2003).








Quantum meruit is an equitable remedy based on the promise
implied by law to pay for beneficial services rendered and knowingly accepted. 
Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc., 787 S.W.2d 942, 944
(Tex. 1990).  Quantum meruit serves as recovery when there is no express
contract covering the services furnished.  Id.  To recover on a claim
for quantum meruit, Cotton USA must prove that: (1) valuable services were
rendered or material furnished; (2) to appellant; (3) which services and
materials were accepted by appellant and enjoyed by appellant; and (4) under
such circumstances as reasonably notified appellant that Cotton USA expected to
be paid for the services.  Hudson v. Cooper, 162 S.W.3d 685, 688 (Tex.
App.CHouston [14th
Dist.] 2005, no pet).  Appellant only challenges the first element, contending
that Cotton USA failed to present sufficient evidence that it rendered valuable
services to him.  

B.  Services and Materials Furnished

Appellant does not dispute that restoration services were
rendered and that he received such services.  Rather, appellant contends that
the restoration services he received were performed by a third party, Cotton
Restoration, and not Cotton USA.  We disagree. The evidence is legally and
factually sufficient to support the trial court=s judgment that
Cotton USA furnished restoration services to appellant.

Blake Stansell, the President and CEO of Cotton USA,
testified that Cotton Catastrophe was renamed Cotton USA in 2004, and that the
two companies were one in the same.  Chris Sneck, an employee of Cotton USA
assigned to the Birnamwood restoration project, testified that he assisted in
providing the restoration services to appellant.  Specifically, he testified
that Cotton USA encapsulated the roof decking, replaced ceiling tiles and
insulation, capped the plumbing line, and performed other miscellaneous
repairs.  Sneck testified that after the restoration services were completed,
Cotton USA forwarded an invoice to Nationwide for $16,347.50, reflecting the
reasonable value of services provided to appellant by Cotton USA.  John Neiser,
the project manager on the Birnamwood restoration project, also testified that
Cotton USA provided cleaning and restoration services for appellant.  The
foregoing evidence sufficiently shows that Cotton USA performed the restoration
services.

We find that the evidence is both legally and factually
sufficient to support the trial court=s quantum meruit
judgment in favor of Cotton USA and that the reasonable value of services
rendered was $16,347.50.  See M.J. Sheridan & Sons Co., Inc. v. Seminole
Pipeline Co., 731 S.W.2d 620, 624-25 (Tex. App.CHouston [1st
Dist.] 1987, no writ) (damages for quantum meruit are the reasonable value of
work performed and materials furnished). We overrule appellant=s first issue. 








III.  ATTORNEY=S FEES

In appellant=s second issue, he
contends that the trial court erred in awarding attorney=s fees to Cotton
USA that were not contingent on Cotton USA=s success on
appeal.  A losing party on appeal is not entitled to attorney=s fees based on
that appeal.  See Hoefker v. Elgohary, 248 S.W.3d 326, 332 (Tex. App.CHouston [1st
Dist.] 2007, no pet.).  Therefore, any award of attorney=s fees on appeal
must be conditioned on the receiving party=s success.  Daugherty
v. Jacobs, 187 S.W.3d 607, 620 (Tex. App.CHouston [14th
Dist.] 2006, no pet.).  The trial court, in the instant case, should have
awarded attorney=s fees to Cotton USA conditioned upon
successful appeal to this court and the Texas Supreme Court.  However, an
unconditional award of appellate attorney=s fees does not
require reversal.  Id.  Instead, we may modify the trial court=s judgment to make
the award of appellate attorney=s fees contingent upon the receiving party=s success on
appeal.  Mem=l City Gen. Hosp. Corp. v. Cintas
Corp., 679 S.W.2d 133, 139 (Tex. App.CHouston [14th
Dist.] 1984, no writ).  

We sustain appellant=s second issue and modify the trial
court=s judgment to condition the award
of appellate attorney=s fees on Cotton USA=s success on appeal. We affirm the
judgment as modified. 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 10, 2008.

Panel consists of
Chief Justice Hedges, Justice Boyce, and Senior Justice Price.*

 









*  Senior Justice Frank C. Price sitting by assignment.