# NO. 12-19-00001-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HUTCH AVIATION, INC.,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SHARON L. TEAL AND MIKE*<br>*TEMPLETON,*<br>*APPELLEES* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Hutch Aviation, Inc. (Hutch) appeals the judgment entered against it in favor of Sharon L. Teal and Mike Templeton. It presents four issues on appeal. We affirm.

### BACKGROUND

In 2014, Templeton was in the process of purchasing an aircraft from Teal. In August 2014, Templeton took the plane to Hutch seeking maintenance and repairs, including an annual inspection and an airworthiness certificate. Jeffrey Shives oversaw the maintenance of the aircraft. He spoke with Templeton and agreed to perform the required maintenance. When he determined certain work needed to be done, Shives contacted Templeton who would approve the service. Shives would then tell Templeton the cost, and Templeton provided payment.

In September 2014, Shives began compiling an invoice for the maintenance performed on the airplane. The invoice was completed after Hutch concluded its work on the aircraft, which Shives testified to be either November 2014 or January 2015. The invoice included $1,250 for hangar rent and $2,400 for the annual inspection. Hutch sent the invoice to Teal because Teal was the registered owner of the airplane. Templeton did not see the invoice until September 2015. Templeton stated that he did not agree to pay hangar rent and disputed the amount charged for the annual inspection.

In August 2015, the airport evicted Hutch from the hangar in which it was storing Teal's and Templeton's airplane. The airport's airplane manager removed Hutch's lock and placed a new one on the hangar. When Templeton later learned that Hutch was behind on its hangar rent, he paid $2,270 to the airport. On September 28, Shives wrote a letter to the Federal Aviation Administration (FAA) in which he requested a lien be placed on the airplane.

From June 2015 until January 2016, Templeton inquired about the status of the airplane's repairs. Templeton further stated that he wished to discuss the invoice, come to an agreement, pay for the amount owed, and acquire the airplane's logbooks. However, that never occurred. Hutch believed it was entitled to the balance of the invoice, which totaled $8,876.14. Templeton believed he should not have to pay the hangar rent and should be credited for the amount he paid the airport on behalf of Hutch. He believed he owed $5,356.14 to Hutch.

After several months of the parties failing to reach an agreement regarding the invoice, Hutch filed suit against Teal and Templeton. In its petition, Hutch alleged breach of contract, promissory estoppel, suit on a sworn account, quantum meruit, unjust enrichment, conversion, fraud, negligent misrepresentation, and breach of the peace. Teal and Templeton counterclaimed for conversion of the logbooks and a declaratory judgment that the lien is invalid. Both parties sought attorney's fees.

Following trial, the jury found that Hutch performed maintenance and repair services to the aircraft on an open account and that the prices charged were customary and reasonable (breach of contract). However, the jury answered zero when asked what amount of money would compensate Hutch for Teal's and Templeton's failure to pay. The jury also found that Hutch substantially relied to its detriment on a promise by Teal and Templeton to pay (quantum meruit) and awarded $5,356.14 in damages. The jury further found that Hutch did not hold a mechanic's lien with the FAA and that Hutch wrongfully exercised control and dominion over the logbooks. The jury also answered the questions regarding attorney's fees for both parties, awarding fees to Hutch in the amount of $26,451.58 and fees to Teal and Templeton in the amount of $22,425.00.

Following several motions filed by both sides and a hearing, the trial court entered judgment that Hutch take nothing on its breach of contract claim and disregarded the jury's quantum meruit findings. The trial court also entered a declaratory judgment in favor of Teal and Templeton, awarded them possession of the logbooks, and awarded them attorney's fees of

$22,425.00.  Hutch filed a motion for new trial, which was overruled by operation of law.  This appeal followed.

## DISREGARDING JURY FINDINGS

In its first issue, Hutch argues the trial court erred in disregarding the jury's findings regarding quantum meruit.  According to Hutch, the findings could be reconciled with the jury's findings regarding the open account and the trial court should have entered judgment in favor of Hutch on its quantum meruit claim.[1]

**Standard of Review and Applicable Law**

A trial court may disregard a jury finding only if it is unsupported by the evidence or if the issue is immaterial.  *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex. 1994).  A question is immaterial when it should have been submitted or when it was properly submitted but has been rendered immaterial by other findings.  *Id.*  A finding is immaterial when the corresponding question either: (1) should not have been submitted; (2) calls for a finding beyond the province of the jury, such as a question of law; or (3) was properly submitted but has been rendered immaterial by other findings.  *Se. Pipe Line Co. v. Tichacek,* 997 S.W.2d 166, 172 (Tex. 1999); *Spencer,* 876 S.W.2d at 157.

We review the grant or denial of a motion for judgment notwithstanding the verdict or a motion to disregard jury findings as a legal-sufficiency challenge.  *See City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex. 2005).  We must view the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reasonable jurors could not.  *Id.* at 827; *see Tiller v. McLure,* 121 S.W.3d 709, 713 (Tex. 2003) (holding that, in reviewing "no evidence" point, court views evidence in light that tends to support finding of disputed fact and disregards all evidence and inferences to contrary).  To sustain a challenge to the legal sufficiency of the evidence supporting a jury finding, the reviewing court must find that (1) there is a complete lack of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) there is no more than a mere scintilla of evidence to prove a vital fact; or (4) the

---

[1] Hutch did not argue in the trial court, and does not argue on appeal, that the evidence is insufficient to support the jury's finding of zero damages on the breach of contract claim.

evidence conclusively established the opposite of a vital fact. *Volkswagen of Am., Inc. v. Ramirez,* 159 S.W.3d 897, 903 (Tex. 2004).

Quantum meruit is an equitable theory of recovery that is based on an implied agreement to pay for benefits received. *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex. 1992). To recover in quantum meruit, a claimant must prove that (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) and were accepted by the person sought to be charged; (4) under circumstances that reasonably notified the person sought to be charged that the plaintiff, in performing the services or furnishing the materials, expected to be paid by the person sought to be charged. *Weaver v. Jamar,* 383 S.W.3d 805, 811 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The measure of recovery for quantum meruit is the reasonable value of the services. *Hudson v. Cooper,* 162 S.W.3d 685, 688 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Quantum meruit implies a contract in circumstances where the parties neglected to form one, but equity nonetheless requires payment for beneficial services rendered and knowingly accepted. *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 740 (Tex. 2005). As a result, "[a] party generally cannot recover under *quantum meruit* where there is a valid contract covering the services or materials furnished." *Id.; see also Truly v. Austin,* 744 S.W.2d 934, 936 (Tex. 1988); *Gen. Homes, Inc. v. Denison,* 625 S.W.2d 794, 796 (Tex. App.—Houston [14th Dist.] 1981, no writ) (describing the rule as "well settled law"). When the parties themselves create a valid contract, there can be no recovery under a contract implied by law. *Union Bldg. Corp. v. J & J Bldg. & Maint. Contractors, Inc.,* 578 S.W.2d 519, 520 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). The jury must determine any contested fact issues that would bear on a quantum meruit claim, but the ultimate question "of how much, if any, equitable relief should be awarded, must be determined by the trial court." *Hudson,* 162 S.W.3d at 688.

**Analysis**

Hutch argues on appeal that the jury's findings on quantum meruit were not rendered immaterial by the findings that Hutch and Templeton had an open account. Specifically, it urges that the finding that an open account existed does not necessarily establish the existence of an express contract. It further contends that the jury's findings on quantum meruit can be reconciled with the open account findings and that the trial court should have entered judgment consistent with those findings. We disagree.

4

A suit on a sworn account is not an independent cause of action; it is a procedural rule with regard to evidence necessary to establish a prima facie right of recovery of certain types of contractual (account) claims. *See* TEX. R. CIV. P. 185; *Sanders v. Total Heat & Air, Inc.,* 248 S.W.3d 907, 914 (Tex. App.—Dallas 2008, no pet.); *Smith v. CDI Rental Equip., Ltd.*, 310 S.W.3d 559, 566 (Tex. App.—Tyler 2010, no pet.). As a result, by finding that an open account existed between the parties, the jury found the existence of an express contract.

Furthermore, the evidence and pleadings establish an express contract. Hutch pleaded under oath that the open account existed and provided the invoice as evidence of that agreement. And Shives testified at trial to the following:

> Q. Okay. Let me just ask you a few things about your claims against the Defendants in this case, Mr. Shives. Did Hutch Aviation enter into an agreement with respect to the services that were requested to be performed upon the aircraft?
> A. A verbal agreement.

In addition, Templeton testified that an agreement existed:

> Q. You've -- basically admitted Mr. Templeton, that -- Hutch Aviation was hired by you to do repair work and perform an annual inspection on the aircraft, correct?
> A. Yes.
> Q. So no disagreement there in that regard, right?
> A. No.
> Q. You would also agree with me Mr. Templeton there was no written agreement between Hutch Aviation and yourself?
> A. There was not.

The fact that the agreement was not written does not negate the contract's existence. *See Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972) (virtually no distinction between implied and express contracts). And, again, a suit on an open account is a suit on an express contract. *Protocol Techs., Inc. v. J.B. Grand Canyon Dairy, L.P.*, 406 S.W.3d 609, 614-15 (Tex. App.—Eastland 2013, no pet.).

Hutch argues that the jury could have determined that Hutch performed work on the aircraft outside the terms of the open account, which would support its findings regarding quantum meruit. It is true that the existence of an express contract does not bar recovery in quantum meruit for goods or services provided that were not covered by the express contract. *Black Lake Pipe Line. Co. v. Union Constr. Co.*, 538 S.W.2d 80, 86 (Tex. 1976), *overruled on other grounds, Sterner v.*

5

*Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). However, that is not the case here. The evidence conclusively established, and Shives testified, that the goods and services listed on Hutch's invoice were the only goods and services it provided for which it had yet to be paid. The evidence further established that the invoice was a direct result of the express contract between Hutch and Templeton. While Templeton disputed that the hangar rent should have been included on the invoice, Shives testified that he created the invoice to reflect the maintenance performed on the aircraft. Neither party introduced evidence of any work done outside the scope of the "open account" or contract. Therefore, the jury's answers could not include compensation to Hutch for any such goods or services.

When Hutch proved the existence of an express contract, it disproved the existence of an implied one. As a result, Hutch cannot recover under quantum meruit, even if the jury answered in its favor on those questions. *See Houston Med. Testing Servs., Inc. v. Mintzer*, 417 S.W.3d 691, 696-97 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Musick v. Pogue*, 330 S.W.2d 696, 698-99 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.). Therefore, the trial court properly disregarded the jury's findings regarding quantum meruit and entered judgment in accordance with the jury's contract findings. We overrule Hutch's first issue.

### SUFFICIENCY OF THE EVIDENCE

In its second issue, Hutch argues the trial court erred in entering judgment in favor of Teal and Templeton. Specifically, Hutch claims the evidence is insufficient to support the jury's findings regarding the declaratory judgment.[2]

**Standard of Review and Applicable Law**

When a party attacks the legal sufficiency of an adverse finding on which it had the burden of proof, it must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of its proposed disposition. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). In a matter of law challenge, we first examine the record for evidence that

---

[2] Hutch also insists the evidence is insufficient to support the jury's finding that it converted the logbooks. Hutch's argument is based on its claim that it had a superior right to possession because of its purported lien on the aircraft. However, as discussed below, we determine that the evidence established that Hutch failed to perfect its lien, which rendered it unenforceable. Furthermore, the jury found no damages as a result of the conversion. In addition, Hutch had already consented to the trial court's interlocutory order awarding possession of the logbooks to Templeton. As a result, any alleged error in the jury's finding is harmless. *See Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 321-22 (Tex. 1984).

6

supports the finding, while ignoring all evidence to the contrary unless a reasonable factfinder could not. *City of Keller*, 168 S.W.3d at 821-22; *Dow Chem. Co.*, 46 S.W.3d at 241. If there is no evidence to support the finding, we will examine the entire record in order to determine whether the contrary proposition is established as a matter of law. *Dow Chem. Co.*, 46 S.W.3d at 241. Anything more than a scintilla of evidence is legally sufficient to support the finding. *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 69 (Tex. 2000). The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller*, 168 S.W.3d at 827.

When a party attacks the factual sufficiency of an adverse finding on which it bore the burden of proof, it must establish that the finding is against the great weight and preponderance of the evidence. *Dow Chemical Co.*, 46 S.W.3d at 242. In reviewing the factual sufficiency of the evidence, we must examine the entire record, considering both the evidence in favor of, and contrary to, the challenged findings. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998). The jury is the sole judge of the credibility of the witnesses and the weight to afford their testimony. *City of Keller*, 168 S.W.3d at 819. The jury may choose to believe one witness over another, and a reviewing court cannot impose its own opinion to the contrary. *Id*.

An attack on the denial of a motion for judgment notwithstanding the verdict is an attack on the legal sufficiency of the evidence to support the jury verdict. *See id*. at 823. When reviewing a trial court's ruling on a motion for new trial, we generally apply the abuse of discretion standard. *Manjlai v. Manjlai*, 447 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). If the motion for new trial is based on a challenge to the sufficiency of the evidence supporting the verdict, we review the trial court's denial of the motion by applying the standard of review that corresponds to the sufficiency challenge. *Id*.

The purpose of the Uniform Declaratory Judgments Act (UDJA) is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) (West 2015); *see City of El Paso v. Heinrich,* 284 S.W.3d 366, 370 (Tex. 2009). The statute is "remedial" and "to be liberally construed ...." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b). A declaratory judgment requires a justiciable controversy as to the rights or status of the parties, and the declaration must actually resolve the controversy**. *Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 163–64 (Tex. 2004). A trial court may exercise its discretion in entering a declaratory judgment as long as it will serve a useful purpose

or will terminate the controversy between the parties. ***Bonham State Bank v. Beadle***, 907 S.W.2d 465, 468 (Tex. 1995) (citing ***James v. Hitchcock Indep. Sch. Dist.***, 742 S.W.2d 701, 704 (Tex. App.—Houston [1st Dist.] 1987, writ denied)).

## Applicable Law

The Texas Property Code provides that a person who stores, fuels, repairs, or performs maintenance on an aircraft has a lien on the aircraft for (1) the amount due under a contract for the storage, fuel, repairs, or maintenance work or (2) if no amount is specified by contract, the reasonable and usual compensation for the storage, fuel repairs or maintenance work. TEX. PROP. CODE ANN. § 70.301(a) (West 2014). A holder of a lien may record the lien by filing with the FAA's Aircraft Registry no later than 180 days after the performance of the last repair or maintenance a verified document that includes the following: (1) the name, address, and telephone number of the holder of the lien; (2) the amount due; (3) a complete description of the aircraft; and (4) the name and address of the owner and the number assigned to the aircraft by the FAA. ***Id.*** § 70.303 (West 2014). The Property Code also requires that the holder of a lien that retains possession of an aircraft shall notify the owner within 60 days of the last repair, and the notice must state the name, address, and telephone number of the holder of the lien, the amount due, a complete description of the aircraft, and the legal right of the lienholder to sell the aircraft at public auction. ***Id.*** § 70.304(a) (West 2014).

## Analysis

Hutch urges that the trial court erred in rendering judgment declaring Hutch's lien against the aircraft invalid because the evidence is insufficient to support a finding that it did not have a valid lien.[3]

The evidence at trial conclusively established that Hutch failed to comply with the Property Code's notice provisions. While it attempted to record its purported lien with the FAA, the document was not verified and did not contain the name and address of the aircraft's owner. In addition, the last repair or maintenance performed on the aircraft was performed in January 2015, at the latest, per Shives's testimony. Hutch's letter to the FAA was dated September 28, 2015,

---

[3] Hutch also argues that the jury should not have determined the validity of the lien because it is a question of law for the court to decide. However, the submission of a question of law to the jury is usually harmless; either no harm results because the jury answers the question correctly or the trial court can disregard the answer as immaterial if answered incorrectly. ***Hudson Buick, Pontiac, GMC Truck Co. v. Gooch***, 7 S.W.3d 191, 195 (Tex. App.—Tyler 1999, pet. denied). Because we determine the jury answered the question correctly, no harm resulted from the question's submission.

which is later than the 180-day filing requirement. *See* TEX. PROP. CODE ANN. § 70.303. Furthermore, the evidence was undisputed that Hutch failed to provide Templeton or Teal written notice of the lien in compliance with Section 70.304. The failure to comply with filing and notice requirements of a statutory lien render the lien unenforceable. *See **Methodist Hosps. of Dallas v. Mid-Century Ins. Co. of Tex.***, 259 S.W.3d 358, 360 (Tex. App.—Dallas 2008, no pet.). As a result, the evidence established that Hutch failed to properly perfect its lien, thereby rendering the lien unenforceable and invalid. Therefore, the evidence was legally and factually sufficient to support the jury's finding that the lien is invalid. We overrule Hutch's second issue.

## ATTORNEY'S FEES

In its third issue, Hutch urges that the trial court erred in awarding attorney's fees to Teal and Templeton. According to Hutch, the declaratory judgment action does not solve the controversy at issue and is duplicative of Teal's and Templeton's conversion claim.

### Standard of Review and Applicable Law

We review a trial court's award of attorney's fees for an abuse of discretion. *See **El Apple I, Ltd. v. Olivas***, 370 S.W.3d 757, 761 (Tex. 2012). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without regard to guiding legal principles. ***Ford Motor Co. v. Garcia***, 363 S.W.3d 573, 578 (Tex. 2012). We presume that the trial court acted within the bounds of its discretion unless the record shows the contrary. *See **Sanchez v. AmeriCredit Fin. Servs., Inc.***, 308 S.W.3d 521, 526 (Tex. App.—Dallas 2010, no pet.).

The UDJA specifically provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015).

### Analysis

Hutch argues that attorney's fees were improperly awarded because the declaratory judgment action does not resolve the controversy and is duplicative of the conversion claim. We disagree.

In their counterclaim, Templeton and Teal requested the trial court declare that Hutch did not perfect a lien on the aircraft and that no lien exists on the aircraft. The declaratory judgment action's purpose was to clear the title to the aircraft in the FAA records. Hutch attempted to perfect its lien by filing it with the FAA. According to Templeton and Teal, this allowed the lien to be

seen by parties who performed a title search with the FAA. However, Teal and Templeton contended Hutch did not properly perfect the lien with the FAA because the notice did not comply with the Texas Property Code. They further argued that Hutch did not provide them notice of the lien as required in the Texas Property Code. As a result, they believed the lien was unenforceable and should be removed from the FAA title records.

On the other hand, the conversion claim alleged Hutch wrongfully withheld the aircraft's logbooks. Teal and Templeton sought the return of the logbooks along with money damages as a result of the alleged conversion.

The record clearly demonstrates that these are two independent claims and the declaratory judgment action is not duplicative of the conversion claim. *See BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 842 (Tex. 1990) (test is whether the declaratory judgment action has greater ramifications than the other claim). In addition, the declaratory judgment resolved the controversy by removing the uncertainty regarding the validity and enforceability of Hutch's alleged lien. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.003(c) (West 2015).

Because the declaratory judgment was supported by the evidence, was not duplicative of the conversion claim, and was an appropriate resolution of the controversy, the trial court was permitted to award attorney's fees in accordance with the UDJA. *See id.* § 37.009. We overrule Hutch's third issue.

## EXCLUSION OF EVIDENCE

In its fourth issue, Hutch argues the trial court erred when it excluded the second page of "Exhibit P2." Exhibit P2 is the letter Hutch sent the FAA to record its lien. The second page was introduced as the receipt by the FAA of that letter. However, Teal and Templeton objected to its admission as improperly authenticated. The trial court sustained the objection. After further attempts to authenticate the second page, Hutch's attorney stated, "Why don't you let me extract page two and leave P2?" As a result, the second page of the introduced exhibit is not in the appellate record.

An appellate court cannot consider documents cited in a brief and attached in an appendix if they are not formally included in the appellate record. *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App.—Dallas 2006, no pet.). As a result, Hutch failed to preserve error as to the exclusion of the exhibit. *See In Interest of M.G.N.*, 491 S.W.3d 386, 400 (Tex. App.—San Antonio 2016,

pet. denied) (appellate court could not determine substance of exhibits from offer of proof and exhibits were not in trial court record, party failed to preserve error as to exclusion of exhibits). We overrule Hutch's fourth issue.

## DISPOSITION

Having overruled Hutch's first, second, third, and fourth issues, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 17, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

11



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 17, 2019

NO. 12-19-00001-CV

**HUTCH AVIATION, INC.,**
Appellant
V.
**SHARON L. TEAL AND MIKE TEMPLETON,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. CV-00133-16-03)

THIS CAUSE came on to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **HUTCH AVIATION, INC.,** for which execution may issue and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*